VIRGINIA G. EATON AND JAMES C. MORLEY, PETITION-
ERS, *v.* SECOND JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF WASHOE, DEPARTMENT NUMBER 7,
RESPONDENT.

No. 12639

September 18, 1980                                    616 P.2d 400

*Howard, Cavallera & Sferrazza,* Reno, for Petitioners.

*Sala & McAuliffe, Chartered,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Western Oil and Gas Company, defendant below, filed a motion in the district court to dismiss petitioners' complaint. The motion contended that Nevada courts lack both in rem and in personam jurisdiction in the case. The motion also contended that the doctrine of *forum non conveniens* mandated dismissal. The district court dismissed the case, finding that "Montana is a much more convenient place to litigate this matter." Petitioners seek a writ of mandamus compelling the district court to vacate the dismissal.

In Buckholt v. District Court, 94 Nev. 631, 584 P.2d 672 (1978), we suggested that the doctrine of *forum non conveniens* is inapposite where the defendant is a Nevada corporation and does business here. Although the location of a defendant corporation in this state is significant, and should weigh heavily against the granting of such a motion, the doctrine of *forum non conveniens* is not limited to a single factor. The doctrine involves a balancing approach using several other factors, including public and private interests, access to sources of proof, and the availablility of a view of the premises, if necessary. Additional factors include the availability of compulsory process for unwilling witnesses, the cost of obtaining testimony from willing witnesses, and the enforcibility of a judgment. Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). The court should also consider whether failure to apply the doctrine would subject the defendant to harassment, oppression, vexatiousness or inconvenience. *See* Swisco, Inc. v. District Court, 79 Nev. 414, 385 P.2d 772 (1963).

In balancing these factors, the mere fact that another court is more convenient for one party is not sufficient to justify a dismissal. A plaintiff may be denied his choice of forum only in exceptional circumstances when the factors weigh strongly in

favor of another forum. Gulf Oil Corp. v. Gilbert, *supra;* Swisco, Inc. v. District Court, *supra.*

Furthermore, affidavits in support of a *forum non conveniens* motion must be carefully examined to determine the existence of the factors mentioned above. The moving party may not rely on general allegations concerning inconvenience, a view of the premises, or hardship. A specific factual showing must be made. *See* Swisco, Inc. v. District Court, *supra.*

The record before us in the present case reveals that defendant is a Nevada corporation. Defendant's *forum non conveniens* motion was similar to the insufficient showing made in *Swisco.* There was no information given as to the number of witnesses, the substance of testimony, or the necessity for their presence. There was no showing as to why a view of the properties in Montana might be necessary. Nothing was shown with reference to hardship in bringing documentary evidence to Nevada, or as to why testimony could not be presented in depositions. Overall, defendant made no factual showing whatsoever upon which a *forum non conveniens* dismissal could be supported. The motion to dismiss should not have been granted on *forum non conveniens* grounds.

In its order of dismissal the district court denied petitioners' motion to amend the complaint. It is not clear whether the district court would have denied the motion to amend if the dismissal had not been entered. It is also not clear whether the district court ruled on the jurisdictional contentions raised in the motion to dismiss.

Accordingly, a writ of mandamus shall issue forthwith directing the respondent court to vacate its order of dismissal. The case is remanded for further proceedings, including reconsideration of petitioners' motion to amend and defendant's jurisdictional contentions.

Writ granted.