JOAN R. MARTIN AND JOSEPH DEMAURO, INDIVIDUALLY; AND JOAN R. MARTIN, AS EXECUTRIX OF THE ESTATE OF NICOLA DEMAURO, APPELLANTS, v. DEMAURO CONSTRUCTION CORPORATION, AKA DEMAURO CORPORATION, AKA DEMAURO CONSTRUCTION COMPANY, MICHAEL DEMAURO, YOSHIKA MAJA DEMAURO, AND DAVID DEMAURO, RESPONDENTS.

No. 18433

September 21, 1988                                761 P.2d 848

[Rehearing denied December 8, 1988]

*McDonald, Carano, Wilson, Bergin, Frankovich and Hicks, Lenard T. Ormsby,* Reno, for Appellants.

---

*Woodburn, Wedge, Blakey & Jeppson, W. Chris Wicker,* Reno, for Respondents.

## OPINION

*Per Curiam:*

In this appeal we reverse the order of the district court which dismissed this action on the ground that Hong Kong was the proper forum for this litigation, and not Nevada.

Since Joan Martin, appellant and plaintiff below, was not a party to the agreements which contain forum selection language, we decline to consider the applicability of these contractual provisions and deal here only with the trial court's ruling as based upon the doctrine of *forum non conveniens.*

At issue here is entitlement to share certificate number five of DeMauro Construction Company. Appellant Martin, as executrix of the will of Nicola DeMauro, seeks judicial affirmation in Nevada of her proposed distribution of the stock in this Nevada corporation.

Respondents do not contest the authenticity of the stock certificate. Martin has never been an officer, director or shareholder of the corporation. Insufficient showing has been made that convenience of the parties or availability of witnesses requires annulment of the Nevada forum chosen by Martin. Of five witnesses identified by respondents, three are parties. There is no showing of why parties or witnesses must go to Hong Kong in order to resolve the rather narrow issue of stock ownership and distribution. The trial court erred in dismissing this action on grounds of forum convenience. *See* Swisco, Inc. v. District Court, 79 Nev. 414, 385 P.2d 772 (1963); Eaton v. District Court, 96 Nev. 773, 616 P.2d 400 (1980).

The order of dismissal is reversed and the action is reinstated in the district court.