273 F.3d 241 (2nd Cir. 2001)
 BANK OF CREDIT AND COMMERCE INTERNATIONAL (OVERSEAS) LIMITED, PLAINTIFF-COUNTER-DEFENDANT-APPELLANT,
BANK OF CREDIT AND COMMERCE INTERNATIONAL S.A., THIRD-PARTY DEFENDANT,
v.
STATE BANK OF PAKISTAN, DEFENDANT-COUNTER-CLAIMANT-THIRD-PARTY-PLAINTIFF-APPELLEE.
 Docket No. 99-7568
August Term, 2001
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: September 5, 2001
Decided: November 29, 2001
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, J.) dismissing a suit on forum non conveniens grounds. We vacate and remand so that the district court can consider changes in Pakistani law subsequent to its decision.
 VACATE and REMAND.[Copyrighted Material Omitted]
 Michael Nussbaum and Kathleen Grillo, Ropes & Gray, Washington, D.C., for Plaintiff-Counter-Defendant-Appellant.
 David F. Williams (H. Peter Haveles, Jr., on the brief), Cadwalader, Wickersham & Taft, New York, N.Y., for Defendant-Counter-Claimant-Third-Party-Plaintiff-Appellee.
 Before: Newman, Calabresi, and Sack, Circuit Judges.
 
 Calabresi, Circuit Judge
 
 1
 Bank of Credit and Commerce International (Overseas) Ltd. ("BCCI Overseas") appeals the district court's dismissal, on forum non conveniens grounds, of its suit. BCCI Overseas argues that State Bank of Pakistan ("State Bank") did not show, and the district court did not properly find, that Pakistan is an adequate alternative forum. BCCI Overseas also contends that the district court improperly balanced the Gilbert factors in its forum non conveniens analysis.
 
 
 2
 After oral argument, BCCI Overseas filed a motion requesting that this court vacate the district court's decision and remand the case, thereby affording the district court an opportunity to take into account changes in Pakistani law that occurred subsequent to its decision. We consider both the appeal and the motion at this time.
 
 BACKGROUND
 
 3
 BCCI Overseas is one of a group of closely affiliated international banks known together as "BCCI" or the "BCCI group." In 1991, the BCCI group collapsed in one of the largest bank failures in history. Bank regulators moved to seize BCCI's assets and bring the group of banks under court supervision. Appellant BCCI Overseas, incorporated in the Cayman Islands, was one of the banks closed by bank regulators.
 
 
 4
 On June 27, 1997, the court-appointed fiduciaries of BCCI Overseas brought this action in the Supreme Court of New York, New York County, seeking repayment with interest of an alleged $50 million loan made in May 1991 to State Bank, the central bank of Pakistan. State Bank removed the case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441(a) and (b). On May 22, 1998, State Bank moved to dismiss the case under the doctrine of forum non conveniens, arguing that Pakistan would be a more appropriate forum.
 
 
 5
 A war of experts ensued as to the adequacy of Pakistan as an alternative forum. Both BCCI Overseas and State Bank submitted declarations by experts in Pakistani law. BCCI's stated that this action would be barred in Pakistan by an unwaivable three-year statute of limitations, and that even if the case were allowed to proceed, the suit would be delayed as many as twenty-five years by the congestion in the Pakistani court system. State Bank replied with a declaration averring that a Pakistani statute known as the Banking Companies (Recovery of Loans, Advances, Credits and Finances) Act of 1997 ("Banking Act") would revive BCCI Overseas's claim by setting a new limitations date for the action. State Bank's expert also declared that the Banking Act would provide for the case to be processed in an expedited fashion in the Banking Court, and that even outside the Banking Court the case would likely be concluded in seven to ten years at the most.
 
 
 6
 BCCI Overseas responded with yet another expert declaration, asserting that the Banking Act would not revive BCCI Overseas's claim because the claim was already barred by the statute of limitations at the time of the enactment of the law. In addition, the declaration argued that the Banking Act would not apply to BCCI Overseas because BCCI Overseas is not a "banking company" as defined by the Act. This, the declaration contended, would be so because BCCI Overseas is not currently transacting the business of banking in Pakistan.[1] State Bank's expert had earlier stated that BCCI Overseas would qualify as a "banking company" under the Banking Act because BCCI Overseas was transacting the business of banking in Pakistan in June and July of 1991, when the loan contract was allegedly breached by State Bank. Both experts backed their opinions with textual analysis of the Banking Act itself. BCCI's expert also submitted case law in support of his construction of the Act.
 
 
 7
 The district court granted the motion to dismiss on the basis of forum non conveniens. It did this subject to the following three conditions: (1) State Bank's agreement in writing to waive any statute of limitations defense that might be available to it in the Pakistani courts; (2) the Pakistani courts not refusing to hear the case on statute of limitations grounds; and (3) State Bank's agreement in writing to allow BCCI Overseas to remove any judgment received in a Pakistani Court out of Pakistan. See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan, 46 F. Supp. 2d 231, 240 (S.D.N.Y. 1999). Subsequently, State Bank filed a "stipulation" in which it agreed to the first and third conditions. BCCI Overseas appealed the dismissal.
 
 
 8
 On September 4, 2001, the day before appellate oral-argument in this case, counsel for State Bank filed a letter stating that earlier that day, he had received notice from his client that Pakistan had promulgated a new "Banking Act" on August 30, 2001, entitled the "Financial Institutions (Recovery of Finances) Ordinance, 2001" ("2001 Ordinance"), which repealed and, with certain modifications, re-enacted the Banking Act of 1997. State Bank's counsel noted that at least one of the modifications of the statute related to the application of statutes of limitations. Under the new law, the Banking Court apparently may entertain a case already barred by limitations if the plaintiff satisfies the court that it had sufficient cause for not filing the case within the statutory limitations period.[2]
 
 
 9
 After oral argument BCCI Overseas filed a motion requesting that this court vacate the district court's decision and remand the case in light of this change in the law. BCCI Overseas maintains that at least three changes made in the 2001 Ordinance are relevant to the district court's forum non conveniens analysis: (1) the change in the law's provision relating to statutes of limitations; (2) the replacement of the terms "customers" and "finances" by "borrower" and "loan," with the result, according to BCCI Overseas, that the new law does not apply to BCCI Overseas, State Bank, or to the transaction at issue;[3] and (3) the replacement of the concept of "interest" with the concept of "cost of funds" to the financial institution, which BCCI Overseas contends bars it from recovering any interest in connection with its claim. BCCI Overseas submits that the district court, not the court of appeals, should in the first instance undertake the task of evaluating the impact of these intervening changes in Pakistani law on the issue of forum non conveniens, and therefore that a remand to the district court is appropriate.
 
 
 10
 State Bank counters that this court is fully capable of analyzing the impact of the new law, and State Bank's expert disputes BCCI Overseas's interpretation of that law. State Bank also reaffirms its consent to the addition of a condition (first suggested by this court during oral argument) that would require Pakistani courts to accept jurisdiction of BCCI Overseas's claim under the 2001 Ordinance. But State Bank argues that, if this court does add such a condition, it should also require BCCI Overseas to bring its claims in Pakistan within a reasonable period of time.
 
 DISCUSSION
 I.
 
 11
 We review forum non conveniens dismissals for abuse of discretion. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247-49 (1981); Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 99 (2d Cir. 2000). Appellate review of forum non conveniens dismissals has been held to be "severely cabined." Alfadda v. Fenn, 159 F.3d 41, 45 (2d Cir. 1998); see also Capital Currency Exch., N.V. v. Nat'l Westminster Bank, PLC, 155 F.3d 603, 609 (2d Cir. 1998), cert. denied, 526 U.S. 1067 (1999) ("[T]he decision lies wholly within the broad discretion of the district court and should be reversed only if that discretion has been clearly abused." (quoting Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 46 (2d Cir. 1996))). However, "the reviewing power [in forum non conveniens cases] must encompass the right to determine whether the district court came to an erroneous legal conclusion or a clearly erroneous factual conclusion." DiRienzo v. Philip Servs. Corp., 232 F.3d 49, 57 (2d Cir. 2000) (citations omitted).
 
 
 12
 The first step in a forum non conveniens analysis is for the court to establish the existence of an adequate alternative forum. See DiRienzo, 232 F.3d at 56; Alfadda, 159 F.3d at 45. An alternative forum is generally adequate if: "(1) the defendants are subject to service of process there; and (2) the forum permits `litigation of the subject matter of the dispute.'" Alfadda, 159 F.3d at 45 (quoting Piper Aircraft, 454 U.S. at 254 n.22). It follows that an adequate forum does not exist if a statute of limitations bars the bringing of the case in that forum. See Crimson Semiconductor, Inc. v. Electronum, 629 F. Supp. 903, 908-09 (S.D.N.Y. 1986); see also Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 426 n.8 (1st Cir. 1991); Kontoulas v. A.H. Robins Co., 745 F.2d 312, 316 (4th Cir. 1984).
 
 
 13
 After concluding that an adequate alternative forum exists, the court must weigh the public and private interests identified in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947), in order to determine which forum "will be most convenient and will best serve the ends of justice." Alfadda, 159 F.3d at 46 (quoting Peregrine, 89 F.3d at 46). The defendant bears the burden of proof on all elements of the motion, see DiRienzo, 232 F.3d at 57, and great weight is given to the plaintiff's choice of forum. See Piper Aircraft, 454 U.S. at 241 (stating that the "plaintiff's choice of forum should rarely be disturbed").
 
 II.
 
 14
 In the instant case, the district court relied heavily on the text of the original Banking Act and the declarations of State Bank's expert as to the meaning of that Act in finding that an adequate alternative forum exists in Pakistan. The district court concluded (1) that the Banking Act would likely apply to BCCI Overseas's suit, (2) that the Act would probably revive the action under the relevant statute of limitations, and (3) that the Act provides for expedited procedures in the Banking Court. On the basis of these conclusions, the district court found that Pakistan constitutes an adequate alternative forum. See Bank of Credit, 46 F. Supp. 2d at 234-37. Given that the Banking Act of 1997 has now been repealed and replaced, however, and that new provisions concerning the application of statutes of limitations have been promulgated, the district court's finding of an adequate alternative forum does not rely on current law. Under the circumstances, we consider it prudent to vacate the district court's dismissal order and remand, so that the district court can consider the implications of the new statute to its forum non conveniens analysis.
 
 III.
 
 15
 We also think that if the district court on remand decides to dismiss the case on forum non conveniens grounds, it should add a condition to deal with the potentially serious problem of congestion and delay in Pakistan's courts. The district court seems to have, in part, assuaged its concerns on the subject of delay by assuming that the Banking Court will hear the case. See id. at 236-37. State Bank supports this assumption. Its expert asserts that "any legal proceedings instituted in Pakistan by BCCI Overseas against the State Bank for recovery of the $50 million can only be instituted under the Banking Act" and therefore in the Banking Court. We do not believe, however, that the matter should be left uncertain. Accordingly, the district court, if it decides to dismiss, should condition dismissal on the Banking Court's accepting jurisdiction over this case. In specifying this condition, we do not mean to impose any requirement on the Banking Court, a step that would be beyond our authority. We are simply requiring the district court to permit BCCI Overseas to restore this case to the district court's docket in the event that the Banking Court determines that it lacks jurisdiction.
 
 IV.
 
 16
 Finally, we take this opportunity to clarify the type of finding that the district court should make regarding the adequacy of an alternative foreign forum in a case in which foreign law or practice is at issue, and in which the case is dismissed conditionally only.
 
 
 17
 The district court in the instant case based its decision to dismiss, in part, on its "justifiable belief" that the Pakistani courts would not decline to hear the case. Bank of Credit, 46 F. Supp. 2d at 236. In support of its conclusion, the district court cited cases of this circuit in which trial courts' "justifiable belief" in the adequacy of an alternative forum has been held to be a sufficient basis for a conditional dismissal in favor of a foreign forum. See Schertenleib v. Traum, 589 F.2d 1156, 1163 (2d Cir. 1978) (affirming a dismissal conditioned on the Swiss courts not refusing jurisdiction, in a case in which the availability of Swiss courts as a forum was unclear, but where the district court "justifiably believed" that the Swiss courts would in fact hear the case); Calavo Growers of Cal. v. Generali Belgium, 632 F.2d 963, 968 n.6 (2d Cir 1980); Agyenkwa v. Am. Motors Corp., 622 F. Supp. 242, 244 n.5 (E.D.N.Y. 1985) ("When confronted with a dispute between experts, `the court may dismiss if it "justifiably believes" that there is an adequate alternative forum, as long as the dismissal is made conditional on defendants' consenting to suit elsewhere and on the transferee court's accepting jurisdiction.'" (quoting Calavo Growers, 632 F.2d at 968 n.6)); Shields v. Mi Ryung Constr. Co., 508 F. Supp. 891, 895 (S.D.N.Y. 1981).
 
 
 18
 According to this case law, the district court may dismiss on forum non conveniens grounds, despite its inability to make a definitive finding as to the adequacy of the foreign forum, if the court can protect the non-moving party by making the dismissal conditional. This case law does not, however, excuse the district court from engaging in a full analysis of those issues of foreign law or practice that are relevant to its decision, or from closely examining all submissions related to the adequacy of the foreign forum.[4] If, in the end, the court asserts its "justifiable belief" in the existence of an adequate alternative forum, it should cite to evidence in the record that supports that belief. In doing so, the district court should keep in mind that it remains the movant's burden to demonstrate the existence of an adequate alternative forum.
 
 
 19
 Precisely how certain the court must be regarding the existence of an adequate alternative foreign forum will necessarily depend on how protective of the non-moving party the conditional dismissal will in fact be. For instance, in Borden, this court, worried about undue delay in the foreign forum, conditioned a forum non conveniens dismissal on the foreign court ruling upon the plaintiff's application for a preliminary injunction within sixty days of its submission. See Borden, 919 F.2d at 829. Should the foreign court have failed to rule in the time permitted, the dismissed party could have refiled the suit in the United States forum. Since little time would have passed, only slight prejudice would likely have accrued. As a result, the non-movant was fairly well protected by the conditional nature of the dismissal.
 
 
 20
 By way of contrast, a condition that the foreign forum not refuse to hear the case on statute of limitations grounds might well be considerably less protective, if a decision by a trial court to accept the case were sufficiently vulnerable to being overturned on appeal. The passage of time before the appellate court's ruling, and hence before the non-movant's reinstatement of the original suit, could, in such circumstances, be highly prejudicial. In any case in which the condition on which dismissal depends fails significantly to protect the non-movant, the court should either be more sure of its finding as to the uncertain question of foreign law or practice, and therefore as to the adequacy of the alternative foreign forum, or frame the condition differently, if that is possible, in order to minimize the risk. Finally, we observe that while the conditional dismissal device can help to protect the non-moving party in circumstances where the district court remains concerned about the accuracy of its "justifiable belief" as to a foreign forum's adequacy, the mechanism is not a substitute for the initial "justifiable belief" of adequacy. Conditions cannot transform an inadequate forum into an adequate one.
 
 V.
 
 21
 In the light of subsequent changes in Pakistani law, we VACATE the dismissal and REMAND so that the district court can, consistent with this opinion, reconsider its finding that Pakistan constitutes an adequate alternative forum. Because we remand on the question of the existence of an adequate alternative forum, we need not review the district court's balancing of the Gilbert factors.[5]
 
 
 
 NOTES:
 
 
 [1]
 The definition of "banking company" under the Banking Act is as follows: "any company whether incorporated within or beyond Pakistan which transacts the business of banking or any associated or ancillary business in Pakistan and includes a government savings bank."
 
 
 [2]
 Section 22 of the Banking Act of 1997, which concerns statutes of limitations, reads as follows:
 Application of the Limitation Act, 1908, Act IX of 1908.
 (1) Subject to sub-section (2), the provisions of the Limitation Act, 1908 (Act IX of 1908), shall not apply to any suit, application or other proceedings filed or transferred to a Banking Court under this Act. (2) The provisions of the Limitation Act, 1908 (Act IX of 1908), shall apply to all cases instituted or filed in a Banking Court after the coming into force of this Act:
 Provided that in relation to past transactions a fresh cause of action will be deemed to arise, for purposes of limitation only, on the date on which this Act comes into force.
 Section 24 of the 2001 Ordinance states:
 Application of the Limitation Act, 1908 (Act IX of 1908).
 (1) Save as otherwise provided in this Ordinance, the provisions of the Limitation Act, 1908 (Act IX of 1908) shall apply to all cases instituted or filed in Banking Court after the coming into force of this Ordinance.
 (2) A suit under section 9 may be entertained by a Banking Court after the period of limitation prescribed therefor, if the plaintiff satisfies the Banking Court that he had sufficient cause for not filing the suit within such period.
 
 
 [3]
 This of course would mean that, since the 2001 Ordinance took the place of the Banking Act of 1997, BCCI Overseas's suit would not be covered by a special banking law.
 
 
 [4]
 See Roger J. Miner, The Reception of Foreign Law in the U.S. Federal Courts, 43 Am. J. Comp. L. 581 (1995) (arguing that it is the duty of the federal courts to independently identify issues of foreign law, and to correctly ascertain and apply such law).
 
 
 [5]
 For the same reason, we also need not address State Bank's request that we require BCCI Overseas to bring its claims in Pakistan within a reasonable period of time. The district court should, however, consider this suggested requirement on remand.