**Billy YUNG and Yung Yao, Plaintiffs–Appellants–Cross–Appellees,**

v.

**Andrew LEE, Defendant–Appellee,**

BDO International and BDO Binder, Defendants–Cross–Defendants– Appellees–Cross–Appellants,

BDO Seidman, LLP, Defendant– Cross–Defendant–Appellee,

Integrated Transportation Network Group, Inc. and Wu Zhi Jian Defendants.

Nos. 04–3139–CV, 04–3320–CV.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Steven J. Cohen, Wachtel & Masyr, LLP, New York, New York, for Appellants.

Christopher H. Lunding, Cleary, Gottlieb, Steen & Hamilton, New York, New York (Inna Reznik), for Defendants–Cross–Defendants–Appellees–Cross–Appellants BDO International and BDO Binder, of counsel.

Greg A. Danilow, Weil, Gotshal & Manges LLP, New York, New York, for Defendant–Cross–Defendant–Appellee BDO Seidman, LLP.

PRESENT: Honorable DENNIS JACOBS, Honorable ROBERT D. SACK, and Honorable REENA RAGGI, Circuit Judges.

## CORRECTED SUMMARY ORDER

Plaintiffs Billy Yung and Yung Yao, who allege that they were defrauded by the defendants in connection with a private purchase of securities, appeal the dismissal of their federal claims under Sections 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), *see* 15 U.S.C. §§ 77*l*, 77*o* (2000); Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), *see* 15 U.S.C. §§ 78j(b); SEC Rule 10b–5, *see* 17 C.F.R. § 240.10b–5, and various state common law claims for fraud and negligent performance of accounting services. Defendants BDO International and BDO Binder, who were granted dismissal on the ground of *forum non conveniens,* cross-appeal the denial of their motion to dismiss for lack of subject matter jurisdiction. In a published opinion issued today, we affirm the district court's dismissal of plaintiffs' Section 12(a)(2) claim alleging negligence against BDO Seidman. In this order, we address the parties' remaining claims on appeal. We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Subject Matter Jurisdiction*

■ Defendants BDO International and BDO Binder argue that the district court

erred in concluding that it had subject matter jurisdiction over plaintiffs' federal securities law claims, the only basis for federal jurisdiction alleged in the complaint.[1] We review the district court's ruling on subject matter jurisdiction *de novo,* *see SEC v. Berger,* 322 F.3d 187, 191 (2d Cir.2003), and reject defendants' assertion of error.

To determine whether a court has jurisdiction under 15 U.S.C. § 78aa over claims involving "transnational securities frauds," we consider "(1) whether the wrongful conduct occurred in the United States, and (2) whether the wrongful conduct had a substantial effect in the United States or upon United States citizens." *SEC v. Berger,* 322 F.3d at 192; *see Itoba Ltd. v. LEP Group PLC,* 54 F.3d 118, 121–22 (2d Cir. 1995). Both the magistrate judge and the district judge who considered the dismissal motions correctly identified and applied this dual conduct-and-effects analysis in concluding that subject matter jurisdiction exists with respect to the plaintiffs' federal securities law claims. Having carefully considered the parties' arguments on appeal, we reach the same conclusion for the reasons stated in the magistrate judge's thorough report, which the district court adopted. Accordingly, we affirm the denial of the motion to dismiss for lack of subject matter jurisdiction.

2. *The* Forum Non Conveniens *Dismissal of Claims Against BDO International and BDO Binder*

Plaintiffs submit that the district court erred in dismissing all claims against BDO International and BDO Binder on the ground of *forum non conveniens.* We review a *forum non conveniens* dismissal "deferentially for abuse of discretion" and

will reverse only if the dismissal "(1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Norex Petroleum Ltd. v. Access Indus.,* 416 F.3d 146, 153 (2d Cir. 2005) (internal quotation marks omitted). None of these concerns arises in this case.

The magistrate judge and district court both applied the appropriate three-step *forum non conveniens* analysis outlined in *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71–73 (2d Cir.2001) (*en banc*), and recently reiterated in *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d at 153.

■ Plaintiffs nevertheless submit that the district court erred at the first step of this analysis because it failed to accord "considerable attention and weight" to the New York forum selection clause included in its subscription agreements with Integrated Transportation Network Group, Inc. ("ITNG"). Appellant Reply Br. at 17. We disagree. Preliminarily, we are not convinced by plaintiffs' argument that a forum selection clause must be accorded special weight against non-signatories to the agreements. *Cf. Thomson–CSF, S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 776–80 (2d Cir.1995) (discussing the rights of nonsignatories in the context of arbitration agreements). But no matter. The record shows that the district court in fact applied a "strong favorable presumption" to plaintiffs' choice of a New York forum. *See Yung v. Lee,* No. 00–3965, 2002 WL 31008970, at *2, 2002 U.S. Dist. LEXIS 16655, at *5 (S.D.N.Y. Sept. 5, 2002). Thus, we find no error at the first step of *forum non conveniens* analysis.

---

**1.** Defendant BDO Seidman does not join in this jurisdictional challenge, arguing instead that the district court properly exercised jurisdiction to dismiss the securities claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

■ Nor did the district court err in considering the adequacy of Hong Kong as an alternative forum. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 75 (2d Cir.2003) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). In this case, the parties apparently agree that the subject matter of their dispute can be litigated in Hong Kong. Further, because BDO International, BDO Binder, and Andrew Lee consent to subject themselves to the jurisdiction of Hong Kong, there is no question as to adequate service. *See Norex Petroleum Ltd. v. Access Industries, Inc.,* 416 F.3d at 157. In any event, the district court conditioned its *forum non conveniens* dismissal on Hong Kong accepting defendants' stipulation to jurisdiction, thereby protecting plaintiffs' ability to pursue their claims in the United States if necessary. *See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pak.,* 273 F.3d 241, 248 (2d Cir.2001). To the extent plaintiffs complain that Hong Kong's laws afford only limited discovery, do not award exemplary damages, and disallow application of U.S. securities law, the district court did not abuse its discretion in according these possibilities little weight in its analysis. *See Piper Aircraft Co. v. Reyno,* 454 U.S. at 247, 102 S.Ct. 252 ("The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry."); *accord Alfadda v. Fenn,* 159 F.3d 41, 45 (2d Cir.1998).

■ Finally, we conclude that, at the third step of the *forum non conveniens* analysis, the magistrate judge and district court thoroughly addressed all public and private interest factors identified in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and acted well within their discretion in balancing these factors in favor of a Hong Kong forum. Accordingly, we affirm its decision to dismiss all claims against BDO International, BDO Binder, and Andrew Lee on the ground of *forum non conveniens.*

### 3. *The Dismissal of the Remaining Claims against BDO Seidman*

Plaintiffs argue that the district court erred in dismissing, without leave to replead, the remaining securities fraud, common law fraud, and negligent accounting claims against BDO Seidman for failure to plead fraud with particularity, *see* Fed. R.Civ.P. 9(b), and failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6). We review the district court's judgment of dismissal *de novo,* accepting all facts alleged in the complaint as true and drawing all reasonable inferences therefrom in the plaintiffs' favor. *See S.Q.K.F.C., Inc. v. Bell Atl. Tri-Con Leasing Corp.,* 84 F.3d 629, 633 (2d Cir.1996); *see also Rombach v. Chang,* 355 F.3d at 169. We also consider "any statements or documents incorporated in [the complaint] by reference," as well as any documents not so incorporated but nevertheless "integral" to the complaint. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir.2002) (quoting *International Audiotext Network v. Am. Tel. & Tel., Co.,* 62 F.3d 69, 72 (2d Cir.1995) *(per curiam* )) (quotation marks and citations omitted).

### a. *The Federal and Common Law Fraud Claims*

■ The district court correctly dismissed plaintiffs' securities and common law fraud claims for failure to plead them with particularity. *See Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 168 (2d Cir. 2005) ("Any fraud must be pled with particularity, Fed.R.Civ.P. 9(b); but the rule is applied assiduously to securities

fraud."); 15 U.S.C. § 78u–4(b); *Novak v. Kasaks,* 216 F.3d 300, 306 (2d Cir.2000) (securities fraud); *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.,* 84 F.3d at 633 (common law fraud). To state a fraud claim, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Novak v. Kasaks,* 216 F.3d at 306 (quotation marks and citations omitted).

In this case, the complaint is devoid of specific allegations as to BDO Seidman's participation or role in the alleged fraud. To the extent the complaint identifies documents containing false or misleading statements, those documents identify BDO International or BDO Binder, not BDO Seidman, as the entity issuing or approving the communication. Similarly, there is no allegation that the specific individuals with whom Billy Yung discussed ITNG were employees or representatives of BDO Seidman.

Plaintiffs nevertheless argue on appeal that their fraud claims against BDO Seidman should have been allowed to proceed because BDO Seidman acted together with BDO International and BDO Binder in a single "international consortium." Appellant's Br. at 31. This argument relies on the "group pleading doctrine," which provides that a complaint alleging fraud against multiple defendants "should inform each defendant of the nature of his alleged participation in the fraud" but which does not require the complaint to plead a "specific connection between fraudulent representations in [an] Offering Memorandum and particular defendants … where … defendants are insiders or affiliates participating in the offer of the securities in question." *DiVittorio v. Equidyne Extractive Indus.,* 822 F.2d 1242, 1247 (2d Cir.1987) (quoting *Luce v. Edelstein,* 802

F.2d 49, 55 (2d Cir.1986)) (quotation marks and citations omitted).

■ Assuming *arguendo* that the group pleading doctrine survives the strict pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. No. 104–67, 109 Stat. 737, *see* 15 U.S.C. § 78u–4(b), plaintiffs' argument fails because they have not alleged with particularity that BDO Seidman is an insider or affiliate "participating in the offer." Only two allegations in the complaint refer to BDO Seidman. Liberally construed, they assert, at most, that BDO Seidman owns and controls BDO International and BDO Binder, and that it controlled release of an audit report sought by plaintiffs. This is insufficient to plead BDO's participation in the securities offer at issue, even under the group pleading doctrine. *See Ouaknine v. MacFarlane,* 897 F.2d 75, 80 (2d Cir.1990) (holding that allegation that defendant "is an affiliate" of parties alleged to have made misstatements is "insufficient to link [defendant] to the misrepresentations"); *DiVittorio v. Equidyne Extractive Indus.,* 822 F.2d at 1248–49 (same).

Accordingly, the fraud claims were properly dismissed.

b. *The Negligent Accounting Claim*

■ Plaintiffs argue that the district erred in dismissing their claim against BDO Seidman for negligent performance of accounting services. We do not consider this claim adequately preserved for appellate review because it is not identified as a question presented for review, and is mentioned only in the heading of point two of plaintiffs' initial brief (along with the fraud claims), with no ensuing discussion of any error by the district court in its consideration of negligent accounting. *See generally United States v. Svoboda,* 347 F.3d 471, 480 (2d Cir.2003) (observing that argument mentioned only in footnote was

not "adequately raised or preserved for appellate review").

In any event, we conclude that the district court correctly ruled that the complaint's two allegations with respect to BDO Seidman are insufficient to satisfy the privity or factual requirements of New York law with respect to a negligent accounting claim. *See Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551, 493 N.Y.S.2d 435, 443, 483 N.E.2d 110 (1985); *Ultramares Corp. v. Touche*, 255 N.Y. 170, 182–83, 174 N.E. 441 (1931); *see also Securities Investor Prot. Corp. v. BDO Seidman, LLP*, 95 N.Y.2d 702, 711, 723 N.Y.S.2d 750, 756, 746 N.E.2d 1042 (2001).

For the foregoing reasons, as well as those stated in the opinion issued today, the district court's May 11, 2004 judgment of dismissal is hereby AFFIRMED.