131 Nev., Advance Opinion 35

IN THE SUPREME COURT OF THE STATE OF NEVADA

| PROVINCIAL GOVERNMENT OF MARINDUQUE, Appellant, vs. PLACER DOME, INC.; AND BARRICK GOLD CORPORATION, Respondents. | No. 57956 FILED JUN 11 2015 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
|---|---|

Appeal from a district court order granting a motion to dismiss for forum non conveniens. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Affirmed.*

Snell & Wilmer L.L.P. and Patrick G. Byrne, Las Vegas; Snell & Wilmer L.L.P. and Neil Peck and Jessica E. Yates, Denver, Colorado; Diamond McCarthy, L.L.P., and James D. McCarthy, Walter J. Scott, David Ammons, and Reda Hicks, Dallas, Texas, for Appellant.

Morris Law Group and Steve L. Morris and Rex D. Garner, Las Vegas; Arnold & Porter LLP and Edward Han, Washington, D.C.; Arent Fox LLP and Martin F. Cunniff, Washington, D.C., for Respondents.

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we are asked to determine whether the district court abused its discretion by dismissing a complaint for forum non

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

15- 17762

conveniens when the events giving rise to the complaint occurred in the Republic of the Philippines and the alternative fora are in Canada. Because this matter has no bona fide connection to this state, we conclude that the district court properly exercised its discretion by granting the motion to dismiss for forum non conveniens. We further conclude that the district court imposed appropriate conditions to ensure the adequacy of the alternative fora without requiring appellant to proceed in any particular forum. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant, the Provincial Government of Marinduque (the Province), is a political subdivision of the Republic of the Philippines. Respondent Placer Dome, Inc. (PDI), was incorporated under the laws of British Columbia, Canada. Beginning in the 1950s, a predecessor of PDI formed Marcopper Mining Corporation to undertake mining activities in the Province. This predecessor, and later PDI, held a substantial minority of the shares of Marcopper. According to the Province, PDI and its predecessor controlled all aspects of Marcopper's operations. During the course of Marcopper's operations, several incidents occurred that caused significant environmental degradation and health hazards to the people living in the Province, who are known as Marinduqueños.

These incidents and the harms resulting therefrom were investigated by several organizations, including United States Geological Survey (U.S.G.S.) teams. U.S.G.S. documents regarding the disasters are located in Colorado and Virginia, and U.S.G.S. team members reside throughout the United States. Several participants in medical missions to the Province also reside across the United States. Many witnesses whose testimony would be material to the Province's claims live in the Philippines. Many individuals named in the Province's operative

SUPREME COURT
OF
NEVADA

(O) 1947A

2

complaint as being involved with Marcopper or PDI live in Canada, but some live in the United States. Few, if any, material witnesses reside in Nevada.

At the time the Province filed its complaint in the district court, PDI subsidiaries owned mining operations in Nevada. Shortly thereafter, PDI and another business entity amalgamated under the laws of Ontario, Canada, to form respondent Barrick Gold Corporation. Barrick's subsidiaries have continued substantial mining operations in Nevada. Barrick and PDI contend that only their subsidiaries conduct business in Nevada and personal jurisdiction is therefore lacking. The Province responds that the corporate veils may be pierced to establish personal jurisdiction in Nevada over both Barrick and PDI.

Barrick and PDI moved to dismiss for forum non conveniens, arguing that either British Columbia, where PDI was incorporated, or Ontario, where Barrick was formed, would provide a better forum for this litigation. The Province opposed this motion and alternatively asked the district court to condition dismissal on Barrick's and PDI's consent to jurisdiction in the Philippines. Because the Province is a foreign plaintiff, the district court gave the Province's choice of a Nevada forum "little deference." The district court found that the Philippines would be the best forum for this litigation and stated that the Province could file a complaint there, but the court refused to condition dismissal on Barrick's and PDI's consent to jurisdiction in the Philippines. The district court further found that either British Columbia or Ontario provided an adequate alternative forum. After analyzing several public and private interest factors, the district court found that dismissal for forum non conveniens was warranted. The district court conditioned dismissal on Barrick's and PDI's (1) waiver of personal jurisdiction, statute of limitations, and forum non

conveniens arguments in British Columbia and Ontario; and (2) stipulation that both monetary and injunctive relief would be available in British Columbia and Ontario. Because Barrick and PDI agreed to these conditions, the district court dismissed the action without prejudice. The Province now appeals.

## DISCUSSION

We review a district court's order dismissing an action for forum non conveniens for an abuse of discretion. *Payne v. Eighth Judicial Dist. Court*, 97 Nev. 228, 229, 626 P.2d 1278, 1279 (1981), *overruled on other grounds by Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

When deciding a motion to dismiss for forum non conveniens, a court must first determine the level of deference owed to the plaintiff's forum choice. *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003). Next, a district court must determine "whether an adequate alternative forum exists." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). If an adequate alternative forum does exist, the court must then weigh public and private interest factors to determine whether dismissal is warranted. *Id.* Dismissal for forum non conveniens is appropriate "only in exceptional circumstances when the factors weigh strongly in favor of another forum." *Eaton v. Second Judicial Dist. Court*, 96 Nev. 773, 774-75, 616 P.2d 400, 401 (1980), *overruled on other grounds by Pan*, 120 Nev. at 228, 88 P.3d at 844.

*The Province's choice of a Nevada forum was entitled to less deference*

Generally, a plaintiff's choice of forum is entitled to great deference, but a foreign plaintiff's choice of a United States forum is entitled to less deference. *Pollux Holding*, 329 F.3d at 71. While the law

recognizes the validity of a foreign plaintiff's selection of a United States forum in order to obtain jurisdiction over a defendant, a foreign plaintiff's choice will be entitled to substantial deference only where the case has bona fide connections to and convenience favors the chosen forum. *Id.* at 74.

First, the Province contends that the district court should not have reduced the level of deference owed to its forum choice because it selected a Nevada forum to obtain personal jurisdiction over PDI. Even with this legitimate reason for choosing a foreign forum, the Province's choice is only entitled to additional deference to the extent that this case has bona fide connections to this state and convenience favors litigating this case in Nevada. *See id.* Because the Province only argues that personal jurisdiction is proper in Nevada through piercing Barrick's and PDI's corporate veils, the link between the Province's forum choice and its stated reason for that choice—establishing personal jurisdiction—is tenuous. *See id.* Moreover, Barrick's and PDI's subsidiaries' business activities are the only connection that this litigation appears to have with this state. This is not the type of bona fide connection that justifies giving a foreign plaintiff's forum choice substantial deference. *See id.* Accordingly, we conclude that the district court properly gave reduced deference to the Province's forum choice. *See Piper Aircraft*, 454 U.S. at 255-56; *Pollux Holding*, 329 F.3d at 74.

Second, the Province argues that the district court applied the wrong level of deference by stating that the Province's forum choice was entitled to "little deference." The district court also quoted *Piper Aircraft*, 454 U.S. at 256, however, to state that "a foreign plaintiff's choice [of forum] deserves less deference." Because the district court referred to the appropriate "less deference" standard, we conclude that using the word

SUPREME COURT
OF
NEVADA

(O) 1947A

5

"little," although unusual in this context, does not indicate an abuse of discretion. *See Payne,* 97 Nev. at 229, 626 P.2d at 1279. We therefore conclude that the district court properly gave less deference to the Province's choice of a Nevada forum.[2] *Piper Aircraft,* 454 U.S. at 255-56.

*The district court did not abuse its discretion by finding that the public and private interest factors favored dismissal for forum non conveniens*

The Province does not argue on appeal that British Columbia and Ontario are inadequate alternative fora. Therefore, we now turn to the district court's analysis of the public and private interest factors. *See Lueck,* 236 F.3d at 1142.

*The district court did not abuse its discretion in its analysis of the public interest factors*

The Province argues that the district court abused its discretion by finding that the public interest factors favored dismissal for forum non conveniens. We disagree.

Relevant public interest factors include the local interest in the case, the district court's familiarity with applicable law, the burdens on local courts and jurors, court congestion, and the costs of resolving a dispute unrelated to the plaintiff's chosen forum. *Lueck,* 236 F.3d at 1147 (citing *Piper Aircraft,* 454 U.S. at 259-61).

---

[2]The Province further argues that it is not a foreign plaintiff whose forum choice may be given less deference because it is suing as *parens patriae* and some Marinduqueños reside in Nevada. Because the Province fails to further explain its argument or cite any authority in support of it, we decline to address this argument. *See Edwards v. Emperor's Garden Rest.,* 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority).

As to the local interest in this case, the district court concluded that either Canadian forum had more interest in this matter than Nevada. The Province contends that some Marinduqueños living in Nevada may be interested in this litigation, but that does not mean that Nevada, or even Clark County, as a whole has an interest in this lawsuit. Barrick is incorporated and headquartered in Ontario, Barrick and PDI claim that only their subsidiaries have conducted business activities in Nevada, and no events related to this litigation occurred in Nevada. Thus, this case lacks any genuine connection to this state, and the district court did not abuse its discretion by finding that there would be only minimal local interest in this litigation. *See id.*; *Payne*, 97 Nev. at 229, 626 P.2d at 1279.

The district court also noted that neither it nor Canadian courts would be familiar with the laws of the Philippines governing the Province's claims, but Canadian law might govern some issues. The Province has not demonstrated that the district court abused its discretion by weighing this factor slightly in favor of dismissal. *Payne*, 97 Nev. at 229, 626 P.2d at 1279.

It cannot be disputed that this complicated case will impose heavy burdens on any court. The events giving rise to this litigation span several decades, and extensive expert testimony will undoubtedly be necessary to prove the Province's claims and damages. Thus, the district court did not abuse its discretion by finding that the burdens and costs of resolving this matter, which lacks any real connection to this state, support dismissal. *See Lueck*, 236 F.3d at 1147. Similarly, the district court did not abuse its discretion by finding that severe court congestion in the Eighth Judicial District favored dismissal. *See id.*

Moreover, the district court did not abuse its discretion by concluding that the weight of these factors favoring dismissal is

compounded by the fact that the parties continue to dispute whether personal jurisdiction is proper in Nevada. Where "personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal," a court may properly dismiss a complaint for forum non conveniens without first deciding whether it has personal jurisdiction over the defendant. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007). Where a genuine dispute as to personal jurisdiction exists, a district court may properly consider this dispute in the forum non conveniens analysis. *See id.* at 435-36.

As the district court stated, resolving the preliminary issue of personal jurisdiction alone "would likely entail extensive discovery, briefing, and multiple court hearings." It is undisputed that Barrick's and PDI's subsidiaries conducted business in Nevada, but the Province alleges that Barrick and PDI ignored corporate formalities, such that the corporate veils may be pierced to establish personal jurisdiction. *See Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 40, 328 P.3d 1152, 1157 (2014) (stating that subsidiaries' contacts with a forum may support personal jurisdiction over a parent if the corporate veil is pierced). Whether a corporate veil should be pierced is a question of fact involving several factors. *LFC Mktg. Grp., Inc. v. Loomis*, 116 Nev. 896, 904, 8 P.3d 841, 846-47 (2000). Thus, whether personal jurisdiction is proper in Nevada under the alter ego doctrine could only be determined after significant discovery regarding the corporate practices of Barrick, PDI, and their subsidiaries. Accordingly, the existence of this dispute weighs heavily in favor of dismissal for forum non conveniens, and the district court properly considered Barrick's and PDI's personal jurisdiction objections in its analysis. *See Sinochem*, 549 U.S. at 435-36.

*The district court did not abuse its discretion by finding that the private interest factors favored dismissal for forum non conveniens*

We also conclude that the district court properly exercised its discretion in its analysis of the private interest factors. Relevant private interest factors may include the location of a defendant corporation, access to proof, the availability of compulsory process for unwilling witnesses, the cost of obtaining testimony from willing witnesses, and the enforceability of a judgment. *Lueck*, 236 F.3d at 1145; *see also Eaton*, 96 Nev. at 774, 616 P.2d at 401.

The district court found that no parties or witnesses reside in Nevada, whereas some witnesses reside in Canada, and compulsory process is available throughout Canada. Although the Province contends that Barrick and PDI failed to demonstrate the materiality of these witnesses' testimony, many of these witnesses were named in the Province's operative complaint, indicating that the Province believed their testimony could be material. Thus, the district court did not abuse its discretion by concluding that these factors favored dismissal. *See Lueck*, 236 F.3d at 1145-46.

We note that the district court's order did not mention U.S.G.S. documents located in Virginia and Colorado, U.S.G.S. witnesses residing throughout the United States, or witnesses residing in the United States who participated in medical missions to Marinduque. The fact remains, however, that none of these documents or witnesses is in Nevada, the Province's chosen forum. Therefore, even though the district court did not mention this evidence, the district court did not abuse its discretion by concluding that the ease of bringing witnesses and evidence to trial favored dismissal for forum non conveniens. *See id.*

Finally, the district court concluded that a judgment could be more readily enforced against Barrick in Canada than in Nevada. Because Barrick is incorporated under the laws of Ontario and headquartered there, we cannot conclude that this finding amounted to an abuse of discretion. *See id.*

Taking all of the public and private interest factors together, we conclude that the district court did not abuse its discretion by dismissing the Province's complaint for forum non conveniens. *See id.*; *Payne*, 97 Nev. at 229, 626 P.2d at 1279.

*Finding that litigating in Nevada would not harass, oppress, or vex Barrick and PDI did not require the district court to deny the motion to dismiss for forum non conveniens*

Finally, the Province contends that because the district court found that litigating in Nevada would not subject Barrick and PDI "to harassment, oppression, or vexatiousness," the district court could not grant dismissal for forum non conveniens as a matter of law. We disagree.

We have stated that in addition to the factors discussed above, a district "court should *also* consider whether failure to apply the doctrine would subject the defendant to harassment, oppression, vexatiousness or inconvenience." *Eaton*, 96 Nev. at 774, 616 P.2d at 401 (emphasis added). Thus, we have treated the issues of harassment, oppression, and vexatiousness as factors to be considered in the forum non conveniens analysis, not the dispositive talismans that the Province holds them out to be. *See id.* The Province has not suggested any compelling reason to depart from this approach, and we decline to do so. *See Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (stating that this court will not overturn precedent "absent compelling reasons"). Therefore, the district court was not required to deny the motion to dismiss simply because it

SUPREME COURT
OF
NEVADA

(O) 1947A

10

found that litigating this matter in Nevada would not harass, oppress, or vex Barrick and PDI.

*The district court properly exercised its discretion in imposing conditions on dismissal for forum non conveniens*

A district court has discretion to impose conditions on a forum non conveniens dismissal to ensure that the case may be heard in an alternative forum. *See, e.g., In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984*, 809 F.2d 195, 203-04 (2d Cir. 1987); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006).

The Province argues that the district court should have conditioned dismissal on Barrick's and PDI's submission to jurisdiction in the Philippines. The Province relies on *Cortec Corp. v. Erste Bank Ber Oesterreichischen Sparkassen AG*, 535 F. Supp. 2d 403 (S.D.N.Y. 2008). In *Cortec*, the defendant offered Croatia as an alternative forum, and the district court sua sponte considered Austria as an alternative forum. *Id.* at 407, 411. The defendant in *Cortec* did not object to Austrian jurisdiction, *see id.* at 411, and the district court imposed conditions on dismissal to ensure that the case could be heard in *either* Croatia or Austria, *id.* at 409, 413. Here, Barrick and PDI consent to jurisdiction in either British Columbia or Ontario, but continue to object to Philippine jurisdiction. We note that nothing in the district court's order prevents the Province from filing this action in the courts of the Philippines—the district court simply declined to condition dismissal on Barrick's and PDI's submission to jurisdiction in the Philippines. The Province has not cited and we have not found any authority stating that a district court may condition forum non conveniens dismissal on a defendant's submission to jurisdiction in a single forum that the defendant opposes. Moreover, adopting such a position would encourage plaintiffs to file lawsuits in Nevada that have no

SUPREME COURT
OF
NEVADA

(O) 1947A

11

connection to this state, in the hope that district courts would condition forum non conveniens dismissals on defendants' submission to jurisdiction in other fora that the defendants opposed. We decline to turn the courts of this state into mere conduits for lawsuits that belong elsewhere.

To the extent that Barrick and PDI oppose the conditions imposed by the district court, we conclude that any such opposition lacks merit. An alternative forum is adequate if "the defendant is amenable to process in the other jurisdiction," *Piper Aircraft*, 454 U.S. at 254 n.22 (internal quotation marks omitted), and the alternative forum "provide[s] the plaintiff with some remedy for his wrong," *Lueck*, 236 F.3d at 1143. A forum is inadequate "if a statute of limitations bars the bringing of the case in that forum." *Bank of Credit & Commerce Int'l Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001). "District courts are not required to impose conditions on *forum non conveniens* dismissals, but it is an abuse of discretion to fail to do so when there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234 (9th Cir. 2011) (internal quotation marks omitted).

Here, the district court conditioned dismissal on Barrick's and PDI's (1) waiver of personal jurisdiction, statute of limitations, and forum non conveniens arguments in Ontario and British Columbia; and (2) stipulation that monetary and injunctive relief are available in either Canadian forum. These conditions merely ensured that Barrick and PDI would be amenable to suit in the alternative fora and the Province would have some remedy. Therefore, these conditions guaranteed the availability and adequacy of an alternative forum, *see Piper Aircraft*, 454 U.S. at 254 n.22; *Bank of Credit & Commerce Int'l*, 273 F.3d at 246; *Lueck*, 236 F.3d at

1143, and the district court did not abuse its discretion by imposing these conditions, *see Carijano*, 643 F.3d at 1234.

## CONCLUSION

We conclude that the district court properly gave less deference to the Province's choice of a Nevada forum. Applying this less deference standard, the district court did not abuse its discretion by dismissing the Province's complaint for forum non conveniens because, among other reasons, this case lacks any bona fide connection to this state, adequate alternative fora exist, and the burdens of litigating here outweigh any convenience to the Province. Finally, we hold that the district court imposed appropriate conditions on dismissal to ensure the existence of an adequate alternative forum for this litigation. Therefore, we affirm the district court's order dismissing the complaint for forum non conveniens.

_____, J.
Parraguirre

We concur:

_____, C. J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A

13