■ WILLIAM C. MAYNARD, as Administrator of the Estate of DAVID R. MAYNARD, Deceased, Respondent, v RAYMOND J. OAKES, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered February 19, 1988 in Fulton County, which denied defendant's motion for a change of venue from Fulton County to Putnam County.

This action was commenced in Supreme Court to recover for alleged wrongful death and conscious pain and suffering resulting from a collision in Putnam County between an automobile operated by defendant and a motorcycle operated by plaintiff's decedent. Plaintiff properly designated Fulton County as the place of trial because he was a resident of and was appointed administrator in that county (see, CPLR 503 [b]). Defendant, a resident of Putnam County, moved for a discretionary change of venue to that county on the grounds that the convenience of the material witnesses and the ends of justice would be promoted by the change (see, CPLR 510 [3]). Supreme Court denied the motion, and defendant appeals.

In support of the motion, defendant indicated his intention to call the following witnesses: Gary Joanson, the policeman who investigated the accident and filed a report, a resident of Putnam County; William Stahl, Putnam County Coroner, for the primary purpose of establishing the interval of time between the accident and death; the persons on duty at Putnam County Hospital at the time plaintiff's decedent arrived; Kirk Shreve, the employer of plaintiff's decedent, a resident of Putnam County; possibly, the owner of the motorcycle, a resident of Dutchess County; and the driver of the ambulance which transported plaintiff's decedent to the hospital, identity and residence unknown. Defendant came forward with no evidence of inconvenience to witnesses other than the approximately 2½-hour drive between Fulton and Putnam Counties.

Defendant has failed to meet his burden of establishing that the convenience of witnesses and the ends of justice will be

served by the change of venue *(see, Edwards v Lamberta,* 42 AD2d 1003). The materiality of the testimony of Stahl, hospital personnel and the ambulance driver is questionable in view of plaintiff's stipulation to admission of the hospital records, death certificate and Coroner's report, and that plaintiff's decedent died within seconds following the accident. The owner of the motorcycle is not a material witness. Plaintiff's attorney indicated that he intended to call Joanson and Shreve as witnesses and had made arrangements for their travel to Fulton County, thereby minimizing their inconvenience. In our mobile society, a drive of some 2½ hours is not a matter of much inconvenience, and Fulton County's rural character favors retention of venue there *(see, Kucich v Leibowitz,* 68 AD2d 1002). A motion such as this is addressed to the sound discretion of Supreme Court, which will not be disturbed on appeal unless it is clearly shown to have been abused *(see, Blasch v Chrysler Motors Corp.,* 84 AD2d 894, 894-895).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.