BEN ROETHLISBERGER, Appellant, v.
ANDREA McNULTY, Respondent.

No. 54774

August 4, 2011

256 P.3d 955

*Echeverria Law Office* and *John P. Echeverria*, Reno; *Morgan, Lewis & Bockius LLP* and *Franklin Brockway Gowdy* and *Rollin B. Chippey, II*, San Francisco, California, for Appellant.

*Dunlap & Laxalt* and *Calvin R.X. Dunlap* and *Monique Laxalt*, Reno, for Respondent.

Before the Court EN BANC.

## OPINION

By the Court, GIBBONS, J.:

Appellant moved for a change of venue pursuant to NRS 13.040, based on residence, and NRS 13.050, based on convenience. When his motion was denied, he filed this appeal, arguing that none of the defendants reside in the county where the action is to be tried and that because the alleged events occurred in a different county, venue should be transferred there for reasons of convenience and justice. We conclude, however, that as venue was not improper as to appellant, he lacked standing to challenge venue based on his codefendant's place of residence. Also, as to the discretionary venue provision concerning convenience and the ends of justice, we conclude that the district court did not abuse its wide discretion in refusing to change the place of trial. Accordingly, we affirm the district court's order.

### FACTS AND PROCEDURAL HISTORY

Respondent Andrea McNulty filed a complaint in the Second Judicial District Court, located in Washoe County, alleging tort claims against appellant Ben Roethlisberger and eight other defendants. The events on which the allegations were based occurred in Douglas County, but Roethlisberger is a resident of Pennsylvania.

Only one of the defendants, Dave Monroe, was alleged to be a resident of Washoe County, where the complaint was filed. Monroe owns a house in Washoe County and a house in Douglas County. Monroe spends approximately five days a week at the

Douglas County home because it is closer to his work. Monroe's wife and children primarily live in the Washoe County home, with some holidays spent at the Douglas County home. Monroe is registered to vote in Washoe County and has registered numerous vehicles to his Washoe County address, which is also the address listed on his driver's license. Finally, Monroe's wife received service of process of the summons and complaint on his behalf at the Washoe County house.

In the Washoe County court, Roethlisberger filed a demand and a motion to change venue to Douglas County. In his motion, he argued, in part, that venue was improper in Washoe County because no defendant resided there. Roethlisberger asserted that while Monroe owned a house in Washoe County, he actually resided in Douglas County. Monroe also filed a motion to change venue. The remaining defendants either joined in Roethlisberger's motion or filed their own similar motion.

The district court denied the motions to change venue. Only Roethlisberger and Monroe appealed, and the district court stayed all proceedings pending the resolution of the appeal. Monroe, however, later voluntarily dismissed his appeal, thus we consider only the appellate arguments of Roethlisberger.

## DISCUSSION

On appeal, Roethlisberger asserts that because Monroe actually resides in Douglas County, not Washoe County, and because no other defendant resides in Washoe County, venue is improper there under NRS 13.040. He also asserts that the district court abused its discretion in concluding that convenience and the ends of justice did not require removal to Douglas County under NRS 13.050(2).

McNulty, however, raises a threshold argument, contending that because venue is proper as to Roethlisberger, he lacked standing to seek a change of venue under NRS 13.040. We agree.

### Roethlisberger lacked standing to request a change of venue under NRS 13.040

" 'Standing is the legal right to set judicial machinery in motion.' " *Secretary of State v. Nevada State Legislature*, 120 Nev. 456, 460, 93 P.3d 746, 749 (2004) (quoting *Smith v. Snyder*, 839 A.2d 589, 594 (Conn. 2004)). Because standing concerns a question of law, we conduct de novo review. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011).

With respect to tort actions, NRS 13.040 provides that if no defendants reside within the state, then the plaintiff can choose any Nevada county in which to file the complaint. Thus, if Roethlis-

berger was the only defendant, McNulty could have filed the action in any county in Nevada, meaning that venue in Washoe County is proper under NRS 13.040 as to Roethlisberger. But when an action is also brought against Nevada residents, it "shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action." *Id.* Correspondingly, here, Roethlisberger bases his request for a change of venue pursuant to NRS 13.040 on the residence of another defendant, Monroe. That, he cannot do.

Venue based on one's residence is a privilege personal to each defendant. *See Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991); 77 Am. Jur. 2d *Venue* § 42 (2006). If we were to allow a defendant to assert improper venue on behalf of one of his codefendants, we would be revoking that codefendant's right to waive improper venue. *See* NRS 13.050(1) ("If the county designated . . . be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant . . . demand in writing that the trial be had in the proper county." ). Thus, when venue is proper as to one defendant, that defendant may not argue that venue is improper based on a codefendant's residence. *See, e.g., Pratt*, 769 F. Supp. at 1132 ("[O]ne defendant may not challenge venue on the ground that it is improper as to a codefendant."); *Mitchell v. Jones*, 158 S.E.2d 706, 709 (N.C. 1968) (concluding that a defendant lacked standing to assert that venue should be transferred to a codefendant's county of residence after that codefendant had been dismissed from the action and citing to *Allen-Fleming Co. v. Southern Ry. Co.*, 58 S.E. 793 (N.C. 1907), for the proposition that a defendant as to whom venue is proper cannot complain as to the propriety of venue for another defendant); 92A C.J.S. *Venue* § 68 (2010) ("A defendant may object to the venue on his or her own behalf but may not object on the ground that the venue is erroneously laid as to a codefendant.").

Because venue in Washoe County was not improper as to Roethlisberger, he lacked standing to request a change of venue pursuant to NRS 13.040. Only a defendant who claims to be a resident of Douglas County, such as Monroe, could have requested the change in venue pursuant to NRS 13.040.[1] Because Roethlisberger lacked standing to move for a change in venue, the district court properly denied his NRS 13.040 motion, and we affirm that denial. Accordingly, we turn now to Roethlisberger's other argument, that

---

[1]When a defendant requests a change of venue, the district court must consider if that defendant has the right to assert that venue is improper and, thus, to request the change of venue.

venue should be transferred to Douglas County under NRS 13.050(2) for reasons of convenience and justice.

*The district court properly refused to transfer venue under NRS 13.050(2)*

NRS 13.050(2)(c) gives the district court wide discretion to grant a motion to change venue "[w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." We review a district court's ruling on a motion brought under NRS 13.050(2)(c) for an abuse of discretion. *Fabbi v. First National Bank*, 62 Nev. 405, 414, 153 P.2d 122, 125 (1944).

The record contains no evidence demonstrating that the convenience of the witnesses compels a change in venue or that holding the trial in Douglas County rather than in Washoe County would promote the interests of justice. The difference in travel times to the courts in either county are, for many witnesses, relatively minimal. And while Roethlisberger may receive a speedier trial in Douglas County, it is not an abuse of discretion for the district court to conclude that the ends of justice are adequately served by keeping venue in Washoe County and would not be furthered by a change of venue to Douglas County. We conclude that the district court did not abuse its discretion in denying Roethlisberger's motion to transfer venue under NRS 13.050(2).

Accordingly, because Roethlisberger lacked standing to demand that venue be changed under NRS 13.040 and has shown no abuse of discretion with regard to the district court's NRS 13.050(2) determination, we affirm the district court's order refusing to change venue.

DOUGLAS, C.J., and CHERRY, SAITTA, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.