MOUNTAIN VIEW RECREATION, INC., DBA MOUNTAIN VIEW RECREATION CENTER, APPELLANT, v. IMPERIAL COMMERCIAL COOKING EQUIPMENT CO.; HARMONY FIRE PROTECTION, INC.; AND HERITAGE OPERATING, L.P., RESPONDENTS.

No. 56193

July 3, 2013                                              305 P.3d 881

*Lewis & Roca, LLP*, and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas; *McDonald & McCabe, LLC*, and *Thomas A. McDonald, David R. Butzen, Michael P. Rohan*, and *Terry L. Welch*, Chicago, Illinois, for Appellant.

*Lemons, Grundy & Eisenberg* and *Robert L. Eisenberg*, Reno, for Respondent Imperial Commercial Cooking Equipment Co.

*Lincoln, Gustafson & Cercos* and *Nicholas B. Salerno* and *James M. Barrington*, Las Vegas, for Respondent Harmony Fire Protection, Inc.

*Wood, Smith, Henning & Berman, LLP*, and *Janice M. Michaels* and *T. Blake Gross*, Las Vegas, for Respondent Heritage Operating, L.P.

Before the Court EN BANC.

## OPINION

By the Court, HARDESTY, J.:

This appeal arises from the district court's grant of a motion to change venue from Nye County to Clark County. The district court granted the motion based on the doctrine of forum non conveniens and its findings that existing courtroom facilities in Pahrump, located in Nye County, were inadequate to accommodate a trial in the underlying matter. We conclude that the district court abused its discretion by granting the motion for change of venue because it (1) failed to cite sufficient evidence supporting a change of venue pursuant to the doctrine of forum non conveniens; (2) failed to conduct a proper analysis, under NRS 3.100(2) and *Angell v. Eighth Judicial District Court*, 108 Nev. 923, 839 P.2d 1329 (1992), as expanded by this opinion, regarding the adequacy of courtroom facilities in a county; and (3) failed to consider the docket congestion in Clark County before reaching its decision. Accordingly, we reverse and remand for proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

In 2003, a fire destroyed the Mountain View Recreation Center in Pahrump, Nevada. The fire allegedly started when a deep fat fryer overheated and the building's sprinkler system failed to extinguish the fire. In December 2005, appellant Mountain View Recreation, Inc., which owned and operated the recreation center, filed a complaint in Nye County against numerous defendants, including respondents Imperial Commercial Cooking Equipment Co., which manufactured the fryer, Heritage Operating, L.P. (Proflame), which provided propane fuel to Mountain View and serviced the fryer, and Harmony Fire Protection, Inc., which designed and installed the building's sprinkler system.

In February 2010, Proflame filed a motion for change of venue from Nye County to Clark County, which was joined by Harmony.[1] Proflame argued that finding an impartial jury in Pahrump was "highly unlikely" in light of the pretrial publicity and the community's connection to the recreation center,[2] and that a trial in Las

---

[1]Imperial initially joined in Proflame's motion for change of venue, but it later withdrew its joinder because it intended to file a separate motion. However, nothing in the record before us demonstrates that Imperial filed a separate motion.

[2]To the extent that respondents rely on this argument as an alternative basis to uphold the district court on appeal, we reject this argument as we have previously concluded that the determination of an impartial jury "is appropriate only after jury selection efforts have been made." *See Sicor, Inc. v. Sacks*, 127 Nev. 896, 901, 266 P.3d 618, 621 (2011).

Vegas, located in Clark County, would be more convenient for the witnesses and would better serve the ends of justice. Without providing any evidence to support its latter argument, Proflame asserted that (1) the majority of the pretrial litigation and discovery, including most of the depositions, had taken place in Las Vegas; (2) the physical evidence, the special master, and the majority of counsel were located in Las Vegas; (3) any experts located outside of Pahrump would have to travel through Las Vegas to attend court proceedings in Pahrump; (4) the majority of Mountain View's witnesses would not have to travel from Pahrump to Las Vegas; and (5) the transfer would not require reassignment to a Clark County district court judge because the Nevada Supreme Court had appointed the currently presiding senior judge. Mountain View opposed the motion, arguing that Proflame had failed to provide any affidavits or evidence in support of its argument that transferring the matter to Clark County would be more convenient for the witnesses and would better serve the ends of justice.

At a hearing on the motion, the district court declined to change venue based on the potential inability to seat an impartial jury, but nonetheless indicated that the trial could not be held in Pahrump because existing courtroom facilities were inadequate and NRCP 41(e)'s five-year want-of-prosecution rule would require dismissal of the action in December 2010. In response to the district court's concerns, Mountain View argued that Nye County was required to provide facilities for trial in Pahrump and suggested substitute locations such as a banquet room or school. Mountain View alternatively asked that, if the trial was moved from Pahrump, it be transferred to Tonopah, also located in Nye County, rather than to Las Vegas. The district court ordered supplemental briefing by the parties to address whether it was required to seek alternative facilities within Nye County instead of granting the motion to change venue.

Mountain View argued in its supplemental brief that, under *Angell v. Eighth Judicial District Court*, 108 Nev. 923, 839 P.2d 1329 (1992), Nye County must provide adequate facilities for the district court to conduct the trial within the county. It further argued that the trial should be conducted in Nye County based on local private and public interests in the matter.

Imperial and Proflame argued that *Angell* was distinguishable and did not apply to Mountain View's argument to conduct the trial in Tonopah.[3] Specifically, Imperial and Proflame contended that in *Angell* (1) there was no motion to change venue; (2) the

---

[3]While Imperial failed to file a separate motion for change of venue, it did submit a supplemental brief as ordered by the district court. However, there is no indication in the record on appeal as to whether Harmony filed a supplemental brief or joined the supplemental brief of another party.

dicta stated that a trial is to be held within existing judicial facilities and not in banquet halls or schoolhouse facilities and, further, the judge would have to approve if such change was made, which did not occur in this instance; and (3) the court did not require a change of venue to Tonopah. Moreover, Imperial and Proflame asserted that the facilities in Pahrump and Tonopah were inadequate to accommodate a trial of this magnitude. Imperial provided no supporting affidavits, citing only the discovery disclosures made by Mountain View that listed 35 potential percipient witnesses and 8 expert witnesses, with only 10 of those witnesses having Pahrump addresses.

Thereafter, the district court entered a written order granting Proflame's motion for change of venue based on the convenience of the witnesses and the promotion of the ends of justice. In particular, the court found that because Pahrump had only one courtroom in which to conduct such a large trial, the existing courtroom facilities in Pahrump were inadequate in light of the number of defendants involved, the estimated length of time needed for the trial, and the Pahrump district court's current calendar. And the court rejected Mountain View's suggestion to use alternative facilities in Pahrump, finding that the proposed facilities would not provide for adequate security or accommodate "the comfort or simple logistics of complex litigation." As a result, the court concluded that the ends of justice could not be served by retaining the case in Pahrump because doing so would result in the case being dismissed for failure to bring it to trial within five years.

Having concluded that the trial could not be held in Pahrump, the district court was faced with deciding whether to transfer the case to Las Vegas or Tonopah. In making this determination, the court generally noted that Tonopah is 167 miles from Pahrump, whereas Las Vegas is only 63 miles from Pahrump, and that "[a]ll of the physical and documentary evidence to be admitted at trial is in Las Vegas." Without further elaboration, the district court concluded that, under the doctrine of forum non conveniens, the trial should be transferred to Clark County, rather than Tonopah. Thus, while acknowledging the deference due to Mountain View's choice of venue, the court nonetheless granted the motion for change of venue to Clark County. This appeal followed.

## DISCUSSION

This court reviews a district court's grant of a motion to transfer a trial based on the doctrine of forum non conveniens for an abuse of discretion. *Roethlisberger v. McNulty*, 127 Nev. 559, 563, 256 P.3d 955, 957 (2011). District courts have wide discretion when considering whether to grant such motions. *Id.*

Mountain View contends, among other things, that the district court abused its discretion by granting Proflame's motion for a change of venue because (1) respondents failed to provide any affidavits or evidence in support of its argument that transferring the matter to Clark County would be more convenient for the witnesses and would better serve the ends of justice; (2) the district court failed to recognize the obligation of Nye County under NRS 3.100(2) and *Angell v. Eighth Judicial District Court*, 108 Nev. 923, 839 P.2d 1329 (1992), to provide adequate facilities for the litigation; and (3) the district court failed to consider the congestion of the Clark County district court's docket in determining whether it could accommodate the trial if transferred. We agree.

*Forum non conveniens*

The doctrine of forum non conveniens is statutorily embodied in NRS 13.050. *See Cariaga v. Eighth Judicial Dist. Court*, 104 Nev. 544, 547, 762 P.2d 886, 888 (1988). NRS 13.050(2)(c) states that "[t]he court may, on motion, change the place of trial . . . [w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." However, a plaintiff's selected forum choice may only be denied under exceptional circumstances strongly supporting another forum. *Eaton v. Second Judicial Dist. Court*, 96 Nev. 773, 774-75, 616 P.2d 400, 401 (1980), *overruled on other grounds by Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). A motion for change of venue based on forum non conveniens must be supported by affidavits so that the district court can assess whether there are any factors present that would establish such exceptional circumstances. *Id.* at 775, 616 P.2d at 401. General allegations regarding inconvenience or hardship are insufficient because "[a] specific factual showing must be made." *Id.*

Respondents maintain that holding the trial in Pahrump or Tonopah would be inconvenient to the witnesses and parties because a majority of the litigation and discovery, including the majority of depositions, took place in Las Vegas; the physical evidence, the special master, and the majority of counsel are located in Las Vegas; and all experts located outside of Pahrump would have to travel through Las Vegas to attend court proceedings in Pahrump. We conclude that these arguments lack merit because they fail to establish the existence of exceptional circumstances under *Eaton*.[4]

---

[4]Extrajurisdictional caselaw supports our conclusion. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 268 (D. Conn. 2012) ("The convenience of counsel is not [an] appropriate consideration on a motion to transfer."); *Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707, 709-10

Respondents further contend that the majority of Mountain View's witnesses will not be inconvenienced by transferring venue to Las Vegas because many already live in Las Vegas, and, if the case were transferred to Tonopah, those witnesses would have to travel a distance of 211 miles to attend trial. However, respondents fail to support such arguments with evidence in the record. We conclude that this argument also provides little, if any, support for respondents' position even if such evidence were provided in the record. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1336 (9th Cir. 1984) (noting that "a district court should keep in mind that the increased speed and ease of travel and communication . . . makes, especially when a key issue is the location of witnesses, no forum as inconvenient [today] as it was [in years past]" (first and second alterations in original) (internal quotations omitted)); *Maynard v. Oakes*, 534 N.Y.S.2d 541, 542 (App. Div. 1988) ("In our mobile society, a drive of some 2½ hours is not a matter of much inconvenience."); *see also Roethlisberger*, 127 Nev. at 563, 256 P.3d at 957 (upholding a district court's denial of a motion to change venue from Douglas County to Washoe County, Nevada, and stating that "difference[s] in travel times to the courts in either county are, for many witnesses, relatively minimal").

The record is devoid of affidavits from either percipient or expert witnesses or other evidence to demonstrate how the witnesses would be inconvenienced if the trial were held in Pahrump. *See Eaton*, 96 Nev. at 774-75, 616 P.2d at 401. Additionally, the district court failed to articulate how changing venue from Pahrump to Las Vegas would be more convenient for the witnesses or would serve the ends of justice. Thus, to the extent the district court relied on the doctrine of forum non conveniens as a basis for its decision, we conclude that there is insufficient evidence in the record to support such a finding.

*Inadequate courtroom facilities*

The district court's decision to change venue away from Pahrump was based, in part, on its conclusion that the facilities

---

(S.D.N.Y. 1973) ("The convenience of expert witnesses has little or no significance in determining whether an action should be transferred."); *Rothschild v. Superior Court*, 31 Cal. Rptr. 248, 249 (Ct. App. 1963) (disregarding affidavits from the plaintiff and the defendant's employee because "neither the convenience of a party nor an employee of a party is to be considered in determining a [forum non conveniens] motion" (citations omitted)); *Said v. Strong Mem'l Hosp.*, 680 N.Y.S.2d 785, 786 (App. Div. 1998) ("It is well established that the convenience of the parties, their agents and employees, or others under their control carries little if any weight" when considering a motion to change venue.).

were inadequate, and the trial would have to be conducted elsewhere. However, Mountain View contends that the court was obligated to direct Nye County to provide adequate facilities.

NRS 3.100(2) states that "[i]f a room for holding court . . . is not provided by the county, . . . the court may direct the sheriff to provide such room, attendants, fuel, lights and stationery, and the expenses thereof shall be a county charge." In *Angell*, the petitioners sought a writ of mandamus directing the district court to require Clark County to provide a sufficient courtroom and court personnel to accommodate the underlying mass-tort litigation. 108 Nev. 923, 926-28, 839 P.2d 1329, 1331-32 (1992). This court denied mandamus relief because there was no evidence in the record before it to demonstrate that "existing County facilities [were] inadequate or could not, with comparatively minor expense and effort, be made adequate." *Id.* at 927, 839 P.2d at 1332. This court concluded that Clark County "should . . . determine what facilities may exist within the county that may be appropriately utilized to accommodate the trial." *Id.* In doing so, this court further concluded that Clark County had a statutory obligation to either find existing facilities within the county that could accommodate a trial of this magnitude, or find other suitable courtroom facilities, noting that

> [a]lthough . . . Clark County is generally responsible for providing a suitable and sufficient trial facility and necessary court personnel, . . . the County may wish to seek an accommodation for the [litigation] within existing judicial facilities by suggesting alternative trial methods that have been used elsewhere to accommodate mass tort litigation.

*Id.*

Consistent with our holding in *Angell*, we conclude that Nye County has a statutory duty under NRS 3.100 to provide adequate courtroom facilities and support staff. We now expand our holding in *Angell* and require that when considering whether a change of venue is necessary based on a potential inadequacy of courtroom facilities within a county, a district court must analyze and provide specific findings regarding whether: (1) existing courtroom facilities are adequate or, "with comparatively minor expense and effort, [can] be made adequate"; and (2) if existing courtroom facilities are inadequate, whether there are alternative facilities within the county that "may be appropriately utilized to accommodate the trial." *Id.*

Here, as in *Angell*, there is no evidence in the record to support the district court's findings that the courtroom facilities in Pahrump or Tonopah were inadequate to conduct the trial or why alternative

facilities suggested by Mountain View were inadequate. Instead, the district court made generalized statements regarding the existing courtroom facilities and rejected out of hand the feasibility of alternative facilities in Pahrump and the ability of those facilities to accommodate a trial in this complex litigation. Thus, no specific details were provided as to what cases were currently pending in the one available courtroom in Pahrump, how many days were free on the court schedule, how many people the courtroom could accommodate, and what size of courtroom would be needed given the size of the trial. In addition, when the court's order was issued, seven months remained before the five-year deadline, but the court did not specifically refer to the court's schedule and, instead, made general statements that there was no way that a trial could be scheduled before the five years ran.

Furthermore, the district court failed to conduct any analysis to determine whether, under *Angell* and NRS 3.100(2), Nye County met its responsibility to provide adequate or alternative courtroom facilities. Instead, the district court ruled, without any evidentiary support or proper analysis, that alternative facilities in Pahrump would be unaccommodating to jurors, and it thus transferred the case to Las Vegas for trial proceedings. And, beyond its determination that Tonopah was farther in distance from Pahrump than Las Vegas, the district court conducted no further analysis in determining whether Tonopah served as an adequate alternative facility to conduct the trial.

Because the district court failed to conduct a proper analysis prior to granting a change of venue in this matter, we conclude that the district court abused its discretion.

## Congestion of docket

Finally, Mountain View contends that the district court failed to consider Clark County's court schedule and docket congestion before ordering a change of venue. At the outset, we note the Ninth Circuit's observation that "[t]he *forum non conveniens* doctrine should not be used as a solution to court congestion." *Gates Learjet Corp.*, 743 F.2d at 1337. When assessing docket congestion in one venue with that of a proposed transferring venue, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Id.* (noting that "the district court . . . observed only that its docket was congested; it did not determine whether a trial would be speedier in the [proposed transferring venue]").

"A party seeking a transfer has the burden to make prima facie proof that venue is maintainable in the county to which transfer is sought." *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex. 1998); *see also Walker v. Iowa Marine Repair Corp.*, 477 N.E.2d 1335, 1342 (Ill. App. Ct. 1985) (concluding that "a compilation of [courtroom] statistics prepared by the Administrative Office of the Illinois Courts showing the number of cases disposed of and the average time to trial" submitted by the defendant convincingly demonstrated that defendant was entitled to a transfer of the case to a different county).

Here, nothing in the record demonstrates that respondents satisfied their burden of proof by demonstrating that venue was maintainable in Clark County. Furthermore, nothing in the record or the district court's order indicates that the district court considered the docket congestion of the Clark County district court system before deciding to change venue to that county. The district court should have properly considered the docket and the availability of courtrooms and staff in Clark County before reaching its decision. The district court's failure to do so was an abuse of discretion. *See Roethlisberger*, 127 Nev. at 563, 256 P.3d at 957.

For the foregoing reasons, we reverse the district court's order granting the motion for change of venue and remand this matter to the district court for further proceedings consistent with this opinion.[5]

PICKERING, C.J., and GIBBONS, PARRAGUIRRE, DOUGLAS, CHERRY, and SAITTA, JJ., concur.

---

[5]Mountain View also challenges the district court's order denying its motion for reconsideration. However, Mountain View filed its motion for reconsideration after filing its notice of appeal before this court. Thus, we conclude that the district court was divested of jurisdiction to decide the motion. *See Foster v. Dingwall*, 126 Nev. 49, 52, 228 P.3d 453, 454-55 (2010) ("[T]he timely filing of a notice of appeal divests the district court of jurisdiction to act and vests jurisdiction in this court." (internal quotations omitted)); *Tuxedo Int'l Inc. v. Rosenberg*, 127 Nev. 11, 14 n.3, 251 P.3d 690, 692 n.3 (2011) ("[A]rguments set forth for the first time in a motion for reconsideration are only reviewable if the district court addresses those arguments on the merits in an order entered before the notice of appeal is filed." (citing *Arnold v. Kip*, 123 Nev. 410, 416-17, 168 P.3d 1050, 1054 (2007))).