# IN THE SUPREME COURT OF THE STATE OF NEVADA

OLIMPO ARMANDO TORO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79724

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of lewdness with a child under the age of 14 years and one count of open or gross lewdness. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant makes two claims on appeal. First, he argues that the State improperly elicited hearsay testimony and led witnesses during the grand jury proceedings. Even assuming there was error, "the jury convicted [him] under a higher burden of proof [and] cured any irregularities that may have occurred during the grand jury proceedings." *Dettloff v. State*, 120 Nev. 588, 596, 97 P.3d 586, 591 (2004); *see also United States v. Mechanik*, 475 U.S. 66, 71-73 (1986) (suggesting that error during grand jury proceedings may be rendered harmless by a jury verdict of guilty); *Echavarria v. State*, 108 Nev. 734, 745 & n.4, 839 P.2d 589, 596 &

20-34448

n.4 (1992) (referencing *Mechanik* with approval). Thus, appellant is not entitled to relief on this claim.[1]

Second, appellant argues that the district court abused its discretion by admitting text messages purportedly between him and his wife. He contends that the State never offered a reason for admitting the text messages and that there was insufficient testimony establishing who sent the text messages.[2] Outside the presence of the jury, the district court conducted a hearing on the admissibility of the text messages. It found a sufficient basis to admit the evidence based on the wife's identification of the phone number used to text her as appellant's number, the fact that she communicated with him regularly, was unaware of appellant allowing others to use his cell phone, and remembered speaking with appellant at least once at the number used to send the messages, and the nature of the messages being consistent with conversations between appellant and his wife. Additionally, appellant acknowledged before the admission of the text messages that the State sought to admit the messages as potential admissions by him. We conclude the district court did not abuse its discretion in admitting this evidence. *See Rodriguez v. State*, 128 Nev. 155,

---

[1]The case cited by appellant addressed a pretrial petition for extraordinary relief. *See Rugamas v. Eighth Judicial Dist. Court*, 129 Nev. 423, 305 P.3d 887 (2013).

[2]Additionally, appellant claims that the hearsay nature of the wife's text messages was never addressed. Appellant did not object to the admission of the text messages on this ground below, and he has not shown plain error affecting his substantial rights. *See Grey v. State*, 124 Nev. 110, 123, 178 P.3d 154, 163 (2008) (reviewing argument that was not made before the district court for plain error).

160-62, 273 P.3d 845, 848-49 (2012) (establishing the test for authenticating and admitting text messages over the defendant's objection and reviewing the district court's decision for an abuse of discretion).

Having considered appellant's claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Eric Johnson, District Judge
       Law Office of Betsy Allen
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk