IN THE SUPREME COURT OF THE STATE OF NEVADA

LINCOLN COUNTY WATER DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND VIDLER WATER COMPANY, INC., A NEVADA CORPORATION,
Appellants,
vs.
TIM WILSON, P.E., NEVADA STATE ENGINEER DIVISION OF WATER RESOURCES, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES; SOUTHERN NEVADA WATER AUTHORITY; LAS VEGAS VALLEY WATER DISTRICT; COYOTE SPRINGS INVESTMENT, LLC; APEX HOLDING COMPANY, LLC; DRY LAKE WATER, LLC; MUDDY VALLEY IRRIGATION COMPANY; GEORGIA-PACIFIC GYPSUM, LLC; REPUBLIC ENVIRONMENTAL TECHNOLOGIES, INC.; NEVADA POWER COMPANY, D/B/A NV ENERGY; AND MOAPA VALLEY WATER DISTRICT,
Respondents.

No. 81792

FILED

APR 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to change venue. Seventh Judicial District Court, Lincoln County; Gary Fairman, Judge.

The respondent State Engineer previously granted appellants, Lincoln County Water District (LCWD) and Vidler Water Company (Vidler), jointly held rights to appropriate 1,000-acre feet of water annually from Kane Springs Valley Hydrographic Basin ("Kane Springs"). Kane Springs

SUPREME COURT
OF
NEVADA

(O) 1947A

21-10921

is located in Lincoln County, but the State Engineer has deemed it to be hydrographically connected to certain tributaries to the Muddy River, which is located in Clark County. The Muddy River is the habitat of the critically endangered Moapa dace and is part of the Lower White River Flow Systems (LWRFS).

After granting rights to LCWD and Vidler, the State Engineer later issued order 1169, which required participants to perform an aquifer-pumping test to determine the impact of additional LWRFS appropriation on the Muddy River. Despite Kane Springs' unique ties to these bodies of water, the State Engineer excluded it from participation in the test, determining that there was "not substantial evidence that the appropriation of a limited quantity of water in [Kane Springs] will have any measurable impact on [the headwaters that feed Muddy River]." However, the results of the pumping test actually revealed that Kane Springs had a similar water level decline as the LWRFS as a whole. For this, and other reasons related to the chemical makeup of Kane Springs and LWRFS waters, certain participants in the aquifer test and their expert witnesses urged the State Engineer to include and manage Kane Springs as part of the LWRFS. The State Engineer then issued order 1309, which found that "a number of groundwater basins in Lincoln and Clark counties that were previously managed separately," including Kane Springs, "are inextricably connected [to the LWRFS] such that they must be managed conjunctively to avoid detrimental effects to senior water rights on the Muddy River and the habitat of the Moapa dace."

LCWD and Vidler filed a petition for judicial review of order 1309 in the Seventh Judicial District Court in Lincoln County, challenging the State Engineer's inclusion of Kane Springs in LWRFS's management.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Nine other petitions for judicial review of order 1309 were filed by parties affected thereby, each based on different grounds, but all in the Eighth Judicial District Court in Clark County. Accordingly, the State Engineer, the Las Vegas Valley Water District (LVVWD), and the Southern Nevada Water Authority (SNWA) moved the Lincoln County district court to transfer venue for the hearing on LCWD's and Vidler's lone Lincoln County petition to Clark County as well. The Lincoln County district court so ordered, and this appeal followed. The matter comes before this court on the briefs filed in district court, to facilitate expeditious review. See NRAP 3A(b)(6)(B).

NRS 533.450(1) states that a petition for judicial review of a State Engineer's order affecting water rights "must be initiated in the proper court of the county in which the matters affected or a portion thereof are situated" (the "general venue clause"). It is well established that the general venue clause contemplates multiple potential forums for a petition for judicial review: "If 'a portion' of the 'matters affected' being situated in the forum county satisfies the statute, so too, should the remainder of the 'matters affected' qualify the counties in which they are situated." *In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. 232, 420, 277 P.3d 449, 454 (2012). Accordingly, under the general venue clause, this petition could have been filed in either Lincoln or Clark County in the first instance—LCWD and Vidler's affected water rights are located in Lincoln County; but, likewise central to LCWD and Vidler's petition is the State Engineer's determination that Kane Springs is hydrographically connected with the LWRFS, a multi-basin system requiring joint management and conservation, spanning Clark County, and this order by the State Engineer is presumed correct until the conclusion of the judicial review process. *See*

NRS 533.450(5) (stating that a State Engineer decision may only be stayed by certain actions not taken here) and (10) (stating that "[t]he decision of the State Engineer is prima facie correct, and the burden of proof is upon the party attacking the same").

The parties press different interpretations of an exception to the general venue clause that provides that "on stream systems where a decree of court has been entered, the action must be initiated in the court that entered the decree" (the "decree court exception"). NRS 533.450(1); *see also In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. at 240, 277 P.3d at 454 (reading the clause as creating an exception changing the outcome that "the decree court and other non-decree courts that *otherwise, without this clause*, could potentially hear the appeal") (emphasis added). Muddy River, which Order 1309 also includes as part of the LWRFS, is subject to a 1920 decree entered by the district court of the then Tenth Judicial District, encompassing both Lincoln and Clark counties. But the question of which court "entered the decree" over Muddy River was neither well briefed in the district court nor easily answered: the Tenth Judicial Circuit subsequently became what is now the Eighth Judicial District, and in 1945 Lincoln County was severed from the Eighth Judicial District's territory and combined with the Seventh's, leaving only Clark County in the Eighth. *See* Eighth Judicial District Court History (available at www.clarkcountycourt s.us/general/court-history/#event-_1905) (last visited March 30, 2021). The parties have not offered legal authority or cogent argument that clarifies the effect of this historical reorganization on the application of the decree court exception here—each summarily stating that the other's position is unfounded, without analysis or support. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330, n. 38, 130 P.3d 1280, 1288, n. 38, (2006) (noting

that an argument may be deemed waived where not supported by relevant legal authority). Inadequate briefing aside, the stronger argument does seem to be that Clark County is the decree court within the meaning of the decree court exception, given that the Muddy Water decree issued from "the Tenth Judicial Court of the State of Nevada, *in and for the County of Clark*" and purported to determine the "relative rights in and to the waters of the Muddy River and its tributaries *in Clark County*." (Emphases added). But this is not dispositive here anyway—LCWD and Vidler do not argue that Lincoln County was the *sole* proper venue under the decree court exception. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161, n.3, 252 P.3d 668, 672, n. 3 (2011) (noting that "[i]ssues not raised in an appellant's opening brief are deemed waived"). Thus, at very best (for LCWD and Vidler), both Clark and Lincoln counties would qualify as proper forums under the decree court exception, which leads to the same conclusion as under the general venue clause.

The water statutes have no specific rules governing transfer of venue. But, because "this court has long drawn on procedures and law applicable to civil actions generally in water law cases, to the extent consistent with the governing statutes," the general rules governing transfer of venue found in NRS chapter 13 apply. *In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. at 245, 277 P.3d at 457 (stating that "the district court may, in deciding the motions to change venue that remain, draw on NRS Chapter 13 to the extent appropriate"). To the extent that the decree court exception has application here, and assuming Clark County is the decree court with sole jurisdiction, transfer would therefore have been proper under NRS 13.050(2)(a) (allowing transfer of venue where the initial venue is improper). Setting aside these interesting but undeveloped issues,

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the Lincoln County district court decided to transfer venue under NRS 13.050(2)(c), which allows such action where "the convenience of the witnesses and the ends of justice would be promoted by the change." A district court's determination to transfer is subject to a highly deferential standard of review and will only be reversed for a manifest abuse of discretion. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 113 Nev. 610, 613, 939 P.2d 1049, 1051 (1997); *Fabbi v. First Nat. Bank of Nev.*, 62 Nev. 405, 413, 153 P.2d 122, 125 (1944) (noting that an application for a change of venue is addressed to the "sound discretion of the court, and the exercise thereof, based on reason, and not arbitrary, will not be disturbed unless manifestly abused").

With regard to the propriety of the transfer under NRS 13.050(2)(c), the parties extensively discuss the "first-to-file" doctrine, with respondents insisting that LCWD's and Vidler's petition could only have been properly filed in Clark County because three other petitions for judicial review of order 1309 had been filed there, and appellants seeming to suggest that the "first-to-file" doctrine only applies in patent cases. We need not look so far in either direction; in this case, the State Engineer has determined that Kane Springs is part of the LWRFS, which must be collectively managed and allocated with an eye toward protecting the critically endangered Moapa dace, and, as noted, this order by the State Engineer is, for present purposes, presumed correct. *See* NRS 533.450(9) and (10).

Whether or not the district court ultimately decides that the State Engineer properly included Kane Springs within the boundaries of the LWRFS, resolution of the appellants' petition presumably impacts the rights of other appropriators in the LWRFS because the scope of each

SUPREME COURT
OF
NEVADA

(O) 1947A

6

LWRFS stakeholder's rights appears, on this record, interconnected with the others. And, because of each affected party's interdependent interests, maintenance of petitions for review of order 1309 in multiple venues would also unreasonably demand duplicative participation by those stakeholders in each. Moreover, because each petition involves the same lengthy administrative record, judicial efficiency weighs heavily in favor of having only one court familiarize itself therewith and one court issuing an order on the same. The proposition that multiple courts would consider the same evidence in slightly different contexts, where the outcomes necessarily intertwine is further unwarranted given the potential for inconsistent judgments. *See In re Nev. State Eng'r Ruling No. 5823*, 128 Nev. 232, 224, 277 P.3d 449, 457 (noting that the court "share[d] the Ninth Circuit's solicitude for the general principle of water law that a single court should have exclusive jurisdiction over an interrelated system of water rights" (internal quotations omitted)). This risk is only amplified by the fact that appellants' petition for judicial review asks not only for limited relief related to their rights in Kane Springs, but further that the reviewing court *vacate order 1309 as a whole,* which could run entirely contrary to a Clark County decision.

Finally, appellants complain that the respondents have not met their burden under *Mountain View Rec. v. Imperial Commercial*, 129 Nev. 413, 423, 305 P.3d 881, 887 (2013) to show that the action is maintainable in Clark County. Specifically, appellants appear to allege that the docket in Clark County is backlogged such that the matter will receive closer attention and speedier resolution in Lincoln County. Even assuming such a backlog—which appellants have not provided any record evidence supporting—given the interconnected nature of the LWRFS, the need for a

centralized management program, and Kane Springs's inclusion therein, appellants' petition could not be entirely resolved without resolution of the nine other petitions that are currently on Clark County's docket. The timing of appellants' final resolution is therefore necessarily tied to the other petitions making their way through Clark County's docket—making the relative ease of navigating Lincoln County's docket being entirely beside the point.

In sum, given that this petition seeks review of the same order by the State Engineer as the other nine filed in Clark County—though perhaps on slightly different grounds—we simply cannot say the district court's decision to transfer this lone Lincoln County petition to facilitate consolidation is a mistake of reversible magnitude. We therefore,

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Cadish

_____ , J.
Pickering

_____ , J.
Herndon

Supreme Court
of
Nevada

(O) 1947A

cc: Hon. Gary Fairman, District Judge
Lincoln County District Attorney
Allison MacKenzie, Ltd.
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Marquis Aurbach Coffing
Wingfield Nevada Group
Parsons Behle & Latimer/Reno
Attorney General/Carson City
Dotson Law
Justina Alyce Caviglia
Robison, Sharp, Sullivan & Brust
McDonald Carano LLP/Reno
Michael D. Knox
Taggart & Taggart, Ltd.
Steven C. Anderson
Steven D. King
Coulthard Law PLLC
Lincoln County Clerk