IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, ON THE RELATION OF THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF NYE AND THE COUNTY OF ESMERALDA; THE HONORABLE ROBERT W. LANE, DISTRICT JUDGE OF THE FIFTH JUDICIAL DISTRICT COURT; AND THE HONORABLE KIMBERLY A. WANKER, DISTRICT JUDGE OF THE FIFTH JUDICIAL DISTRICT COURT,<br>Petitioners,<br>vs.<br>THE COUNTY OF NYE, ACTING BY AND THROUGH THE NYE COUNTY BOARD OF COMMISSIONERS; TIMOTHY SUTTON, NYE COUNTY MANAGER; AND SHARON WEHRLY, NYE COUNTY SHERIFF,<br>Respondents. | No. 84825<br><br>**FILED**<br><br>JUN 2 9 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a Nye County Board of Commissioners' resolution requiring that petitioners vacate the William P. Beko Justice Complex in Tonopah and the Ian Deutch Government Complex in Pahrump and relocate to two other buildings that are not presently suitable and sufficient for the transaction of judicial business.

By unanimous vote on May 17, 2022, respondent Nye County Board of Commissioners adopted a resolution "to relocate the Fifth Judicial

SUPREME COURT<br>OF<br>NEVADA<br><br>(O) 1947A

22-20463

District Court one and two immediately to 1118 Globe Mallow Lane in Tonopah, formerly known as the fitness center, and 350 South Highway 160 Pahrump once it is vacant and ready to be occupied for the Fifth Judicial Court one and two." Neither building is suitable for occupancy by the Fifth Judicial District Court, as the former fitness center is in disrepair and the Highway 160 building houses other county offices and employees. Petitioners believe that, as a practical matter, they have been "locked out of the courtroom, offices, jury room," and other resources, as they have not received information about how scheduled hearings and trials can be held in the former fitness center and Nye County officials have not contacted petitioners about moving furniture, materials, computers, or personal items to the fitness center.[1] Following the Board's resolution, petitioners filed this petition seeking a writ of mandamus that directs the Board "to preserve the status quo as it existed prior to the commissioners' vote on May 17, 2022."

Writ relief is an extraordinary remedy that is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). A writ of mandamus "shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. "This court may issue a writ of mandamus to compel the performance of an act which the law requires as a

---

[1]In its answer to this writ petition, the Board objects to the portion of petitioners' appendix that includes sworn declarations from petitioner Judges Kimberly Wanker and Robert Lane, among others. The Board asserts that "[s]uch material is ordinarily unsuitable in a writ petition," but this is an original proceeding, and the Board does not explain why the declarations are unsuitable under these circumstances.

duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009); *see* NRS 34.160 (stating mandamus standard).

Petitioners assert that writ relief is warranted because the Board evicted them from the Beko Complex effective "immediately," without identifying a suitable replacement facility, and from the Deutch Complex with no plan in place for a suitable replacement facility. They argue that by doing so, the Board violated its duty under NRS 3.100.

NRS 3.100(2) requires that the county board of commissioners provide a building and resources "suitable and sufficient for the transaction of [judicial] business." NRS 3.100(2). In addressing NRS 3.100, we have recognized that "Nye County has a statutory duty under NRS 3.100 to provide adequate courtroom facilities and support staff." *Mountain View Rec. Inc. v. Imperial Comm. Cooking Equip. Co.*, 129 Nev. 413, 421, 305 P.3d 881, 886 (2013) (addressing the statute in the context of a change of venue). In addressing a request for a writ of mandamus to compel a county to provide a sufficient courtroom for a specific mass tort litigation, we similarly observed that under NRS 3.100, the county "is generally responsible for providing a suitable and sufficient trial facility and necessary court personnel." *Angell v. Eighth Judicial Dist. Court*, 108 Nev. 923, 927, 839 P.2d 1329, 1332 (1992). Earlier decisions have likewise recognized that counties have a duty to provide a suitable and sufficient place for district courts to conduct judicial proceedings. *Young v. Bd. of Cty. Comm'rs of Pershing Cty.*, 91 Nev. 52, 56, 530 P.2d 1203, 1206 (1975) (reasoning that office equipment, secretarial aid, and law library additions were

"reasonable and necessary" requests to "carry out a district court's powers and duties in the administration of justice"); *State v. Davis*, 26 Nev. 373, 68 P. 689, 690 (1902) (concluding that carpet and furnishings were "necessary to render the court room suitable for the purposes of the court").

The Board acknowledges its "duty to provide a courthouse to the district court judges that is suitable and sufficient for the transaction of judicial business," and that the former fitness center "is not, at the present time, suitable for court proceedings." It also acknowledges that the Highway 160 building in Pahrump is not "ready for immediate occupancy." By adopting the May 17 resolution requiring the judges to relocate to those admittedly inadequate facilities, the Board violated its duty under NRS 3.100.

We conclude that these circumstances warrant writ relief.[2] The action petitioners seek to compel is a ministerial duty of the Board required by law. *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981) ("A writ of mandamus will issue when the respondent has a clear, present legal duty to act."); *see also State v. Eighth Judicial Dist. Court*, 130 Nev. 158, 161, 321 P.3d 882, 884 (2014) (recognizing that "mandamus lies to enforce ministerial acts or duties and to require the exercise of discretion"). While the Board has discretion in terms of the location of a courtroom at the county seat, and other locations as needed,

---

[2]Petitioners and the Board argue about the Board's motives for adopting the resolution and whether the Board considered any financial impact to the county, but the statute requires only that the Board provide a suitable and sufficient place for the transaction of judicial business. Thus, motives and financial implications are not relevant to resolving this matter.

the courtroom facilities must be "suitable and sufficient for the transaction of business," and those identified by the Board in its May 17 resolution are admittedly not suitable or sufficient.[3] We are not persuaded by the Board's assertion that there "is simply no need for a writ to issue" because "the status quo currently exists," in that the judges have continued using courtrooms in the Beko complex. Although the Board's assertion suggests that the judges may ignore the resolution until such time as the other facilities are suitable, this leaves petitioners with the choice of defying the resolution and trespassing or halting judicial proceedings in the county seat, neither of which is a viable option. The Board also asserts that petitioners have an adequate legal remedy under NRS 3.100(2), which "permits the district court judges to require the Sheriff of the County to provide them adequate facilities for holding court, if the County fails to do so," or by filing a complaint in another district court. Because the Board's resolution requires petitioners' immediate relocation from the Beko center in the county seat of Tonopah, mandamus is an appropriate remedy. *See Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006) ("This court considers whether judicial economy and sound judicial administration militate for or against issuing the writ."); *Gen. Motors Corp. v. Eighth Judicial Dist. Court*, 122 Nev. 466, 469, 134 P.3d 111, 114 (2006)

---

[3]The Board states that it "is in the process, and has been in the process, of relocating the courtrooms and court offices" and "the new locations, when completed in Tonopah and when available in Pahrump, will . . . be suitable and sufficient." However, the new locations are not presently suitable and sufficient, as required by NRS 3.100.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

(observing that a writ of mandamus may issue in urgent circumstances). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the respondents to rescind the May 17, 2022, resolution relocating the Fifth Judicial District Court.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Attorney General/Carson City
       Nye County District Attorney