139 Nev., Advance Opinion 11

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHANTEL PEPPER, INDIVIDUALLY
AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ERIC PEPPER; AND TRAVIS
AKKERMAN,
Appellants,
vs.
C.R. ENGLAND, A UTAH
CORPORATION; AND TESFAYE
ALAMIN, INDIVIDUALLY, A
RESIDENT OF CLARK COUNTY,
NEVADA,
Respondents.

No. 84009



FILED

MAY 04 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a complaint for forum non conveniens. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Reversed and remanded.*

Matthew L. Sharp, Ltd., and Matthew L. Sharp, Reno; The Cowden Law Firm, PLLC, and George Cowden, IV, Tyler, Texas,
for Appellants.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Michael P. Lowry, Las Vegas,
for Respondents.

BEFORE THE SUPREME COURT, HERNDON, LEE, and PARRAGUIRRE, JJ.

23-14154

## OPINION

By the Court, HERNDON, J.:

In this appeal, we consider whether a district court abused its discretion by dismissing a complaint for forum non conveniens. In dismissing the complaint, the district court granted a motion that did not include a supporting affidavit, and it treated a Texan plaintiff as a foreign plaintiff, thereby affording her choice of a Nevada forum less deference. We hold the district court abused its discretion by granting the motion because the moving parties did not include a supporting affidavit and therefore failed to meet their evidentiary burden. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Although not affecting our disposition here, we take this opportunity to address a second issue because it presents an unresolved question in Nevada law and is likely to arise on remand—what level of deference is owed to a plaintiff who resides in a sister state and selects Nevada as a forum? Generally, a non-U.S.-resident (foreign) plaintiff's choice of a Nevada forum is afforded less deference because a plaintiff's residence is a proxy for convenience—a foreign plaintiff does not live in Nevada, so there generally is no reason to presume that her choice of a Nevada forum is convenient. We hold, as did the district court, that a sister-state-resident plaintiff is "foreign" for the purposes of forum non conveniens because this rationale applies to her.

### BACKGROUND AND FACTS

Respondent C.R. England, Inc., is a trucking company incorporated and headquartered in Utah. C.R. England hired respondent Tesfaye Alamin, a Nevada resident, to drive its semitrucks. According to the complaint, Alamin was driving in Texas en route to Colorado when he

parked his semitruck and trailer in the left lane of a snow-covered two-lane highway. Meanwhile, Eric Pepper, a Texas resident, and his passenger were driving on the same highway, miles behind Alamin's semitruck. As Pepper approached the parked semitruck, a bend in the highway obstructed his view, and he collided with the semitruck. Pepper sustained a head injury and died a few days later.

Pepper's widow, appellant Chantel Pepper, in her individual capacity and on behalf of Eric Pepper's estate, and Eric's son, appellant Travis Akkerman (collectively Pepper), filed a wrongful death lawsuit in Nevada district court against C.R. England and Alamin. Alamin moved to dismiss for forum non conveniens, arguing that Texas was the more appropriate forum. His motion, which C.R. England joined, did not include any supporting attachments or exhibits.

After a hearing on the motion to dismiss, the district court granted the motion. In its analysis, the district court treated Pepper as "foreign" and found that the case lacked a bona fide connection to Nevada. Accordingly, the district court afforded Pepper's choice of a Nevada forum less deference. Pepper appealed.

## DISCUSSION

Pepper makes three arguments. First, she argues the district court erred by dismissing for forum non conveniens because C.R. England and Alamin failed to attach a supporting affidavit and made only general allegations of inconvenience and thus did not meet their evidentiary burden. Second, she argues that she is not a "foreign" plaintiff, so her choice of a Nevada forum should not have received less deference on that basis. "Foreign," in her view, refers only to non-U.S.-resident plaintiffs, not sister-state-resident plaintiffs. Third, even if she were considered foreign under a forum non conveniens analysis, Pepper argues, her choice of a Nevada

SUPREME COURT
OF
NEVADA

(O) 1947A

3

forum should still receive great deference because her suit has bona fide connections to Nevada.

NRS 13.050 codifies the doctrine of forum non conveniens. *Mountain View Recreation, Inc. v. Imperial Commercial Cooking Equip. Co.*, 129 Nev. 413, 419, 305 P.3d 881, 884 (2013). It provides that a "court may, on motion or stipulation, change the place of the proceeding . . . [w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." NRS 13.050(2)(c). In *Provincial Government of Marinduque v. Placer Dome, Inc.*, this court set forth several factors that a district court must weigh in considering whether to dismiss for forum non conveniens. 131 Nev. 296, 300-01, 350 P.3d 392, 396 (2015). First, the "court must . . . determine the level of deference owed to the plaintiff's forum choice." *Id.* at 300, 350 P.3d at 396. Second, the court "must determine whether an adequate alternative forum exists." *Id.* at 301, 350 P.3d at 396 (internal quotation marks omitted). And third, "[i]f an adequate alternative forum does exist, the court must then weigh public and private interest factors to determine whether dismissal is warranted." *Id.* The court "should *also* consider whether failure to apply the doctrine would subject the defendant to harassment, oppression, vexatiousness or inconvenience." *Id.* at 305, 350 P.3d at 398 (internal quotation marks omitted). Dismissal is appropriate only in "exceptional circumstances" where the factors strongly weigh in favor of another forum. *Id.* at 301, 350 P.3d at 396.

*Standard of review*

We review a district court's balancing of the *Placer Dome* factors for an abuse of discretion. *Id.* at 300, 350 P.3d at 395-96. A district court abuses its discretion by relying on insufficient evidence, *see Mountain View Recreation*, 129 Nev. at 420, 305 P.3d at 885, "by relying on an erroneous view of the law, by relying on clearly erroneous assessment of the evidence,

or by striking an unreasonable balance of relevant factors," *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (internal quotation marks omitted). Applying the wrong level of deference to a plaintiff's choice of forum is an abuse of discretion. *Id.* at 1229.

*C.R. England and Alamin did not meet their evidentiary burden, as they failed to support their motion to dismiss for forum non conveniens with an affidavit*

Pepper argues that Nevada law requires a moving party to submit affidavits in support of a motion to dismiss for forum non conveniens.[1] C.R. England and Alamin counter that affidavits are sufficient but not necessary to support dismissal for forum non conveniens.

In *Mountain View Recreation v. Imperial Commercial Cooking Equipment Co.*, we held that a district court abused its discretion in dismissing for forum non conveniens where there was insufficient evidence in the record to support such a finding. 129 Nev. at 420, 305 P.3d at 885. In doing so, we held that "[a] motion for change of venue based on forum non conveniens *must* be supported by affidavits" to enable the district court to assess whether there are exceptional circumstances favoring dismissal. *Id.* at 419, 305 P.3d at 885 (emphasis added). *Mountain View Recreation*'s requirement is clear—an affidavit is required before a complaint is dismissed for forum non conveniens. Because C.R. England and Alamin omitted a supporting affidavit, the district court abused its discretion in dismissing Pepper's complaint. Nonetheless, we consider whether the district court should categorize Pepper as a foreign plaintiff because it is an unresolved question of Nevada law likely to arise on remand.

---

[1]In light of our disposition, we do not address Pepper's remaining argument that C.R. England and Alamin did not meet their evidentiary burden by making only general allegations of convenience.

*Sister-state-resident plaintiffs are "foreign"*

Pepper argues that she is not a "foreign" plaintiff, so her choice of a Nevada forum should not receive less deference on that basis. "Foreign," in her view, refers only to non-U.S.-resident plaintiffs, not sister-state-resident plaintiffs.

In applying the first *Placer Dome* factor, "[g]enerally, a plaintiff's choice of forum is entitled to great deference, but a foreign plaintiff's choice of a United States forum is entitled to less deference." *Placer Dome*, 131 Nev. at 301, 350 P.3d at 396 (citing *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003)). A foreign plaintiff's choice of forum in the United States is "entitled to substantial deference only where the case has bona fide connections to and convenience favors the chosen forum." *Id.*

In *Placer Dome*, a local government in the Philippines filed suit in Nevada district court against Placer Dome, Inc., a Canadian corporation, which owned subsidiaries operating in Nevada. *Id.* at 299-300, 350 P.3d at 395. We held that the district court properly determined that the Philippines government was "foreign" and entitled to less deference because its decision to sue in Nevada to obtain personal jurisdiction over Placer Dome was not a "bona fide" connection, given that whether personal jurisdiction over Placer Dome existed in Nevada was unclear. *See id.* at 301-02, 350 P.3d at 395-96. Likewise, the Second Circuit Court of Appeals case we relied on, *Pollux Holding Ltd. v. Chase Manhattan Bank*, afforded foreign corporate plaintiffs' (both plaintiff corporations were incorporated in Liberia with their principal place of business in Greece) choice of a United States forum less deference. 329 F.3d at 68, 74.

To determine whether a sister-state-resident plaintiff should be treated like a Nevada resident or like a foreign plaintiff for the purposes of forum non conveniens, we turn to the rationale behind this rule. As the Second Circuit explained in *Pollux*, a plaintiff's residence is a proxy for convenience. *Id.* at 71, 73-74. If a plaintiff files suit where she resides, a court reasonably can conclude that forum is convenient. *Id.* at 71 (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 519, 524 (1947) (discussing plaintiff's suit in his home district)). In contrast, when a foreign plaintiff sues in the United States, it is less reasonable to assume that choice was made for convenience. *Id.* In that case, the plaintiff may be forum shopping or selecting the forum for other strategic reasons, rather than selecting the most convenient forum. *Id.* Even without allegations of forum shopping, a court has no reason to assume a U.S. forum would be more convenient for a foreign plaintiff, absent other considerations. *Id.*

We conclude that the rationale behind affording less deference to a foreign plaintiff's choice of a Nevada forum applies with equal force to a sister-state-resident plaintiff. *See Fennell v. Ill. Cent. R.R. Co.*, 987 N.E.2d 355, 362 (Ill. 2012) (holding that because a plaintiff did not reside in Illinois and the cause of action did not arise in Illinois, the plaintiff's choice of an Illinois forum was entitled to less deference "for this reason alone"). If a foreign plaintiff sues in Nevada, we do not presume that choice was made for convenience because the plaintiff does not live in Nevada. This justification holds true for a sister-state-resident plaintiff—there is no reason to presume that she chose Nevada as a forum for convenience because she does not live in Nevada. Accordingly, we hold that a sister-state-resident plaintiff should be treated as "foreign" for the purposes of a forum non conveniens analysis and thus be afforded less deference in her

choice of forum, unless she proves that Nevada is a convenient forum by showing bona fide connections to Nevada. However, we do not resolve whether this case has bona fide connections to Nevada, given that we conclude C.R. England and Alamin did not meet their evidentiary burden.

## CONCLUSION

In summary, a sister-state-resident plaintiff is "foreign" for the purposes of a forum non conveniens analysis. A foreign plaintiff's, including a sister-state-resident plaintiff's, choice of a Nevada forum is entitled to less deference unless she can show the case has bona fide connections to this state. Here, Pepper is a Texan, so her choice of a Nevada forum is entitled to less deference unless this case has a bona fide connection to this state. But we do not consider whether a bona fide connection exists in this case because the underlying motion to dismiss for forum non conveniens lacked a supporting affidavit. The district court therefore abused its discretion in granting the motion. Accordingly, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA



(O) 1947A